**COX et al. v. BENDER et al.**

No. 3202.

Court of Civil Appeals of Texas. El Paso.

June 13, 1935.

Dorbandt & Dorbandt, of Tyler, for plaintiffs in error.

T. A. Bath, of Henderson, for defendants in error.

PELPHREY, Chief Justice.

S. Bender Iron & Supply Company, a corporation, as plaintiff, filed suit against W. M. Cox, as defendant, on the 25th day of April, 1933, seeking to recover certain personal property and for damages for its conversion. It was alleged that plaintiff was duly incorporated under the laws of Louisiana, having a permit to do business in Texas.

On the same date an application for a writ of sequestration was filed by the plaintiff and sworn to by M. Rosenbloom as agent. A bond was the same day executed signed by plaintiff as principal, by M. Rosenbloom as agent, and United States Fidelity & Guaranty Company of Baltimore as surety.

On April 27th, W. M. Cox filed a replevy bond with G. E. Hooker and J. D. Hall as sureties and recovered possession of the property theretofore sequestered.

Pursuant to a citation served on him on April 25, 1933, Cox, on June 1, 1933, answered by plea in abatement, alleging that the plaintiff had not secured a permit to transact business in Texas; a general demurrer, a general denial, and a special answer alleging that he had in good faith purchased the property in question from the agent of S. Bender Iron & Supply Company; that if such agent did not have the authority to sell the property, S. Bender & Company was estopped to deny such authority.

On December 14, 1933, the following instrument was filed in the cause:

"Now comes S. Bender and B. Bender, operating a partnership under the trade name of The Bender Pipe Company, with its principal place of business in Tyler, Smith County, Texas, and moves the court to substitute them as plaintiffs in the above captioned cause for the S. Bender Iron & Supply Company, named as plaintiff in said cause, and would respectfully show to the Court the following:

"That the plaintiff in said cause, S. Bender Iron & Supply Company, was made plaintiff in said cause through inadvertence and mistake, but that the cause alleged accrued in favor of The Bender Pipe Company instead of the S. Bender Iron & Supply Company;

"That the Court should allow The Bender Pipe Company to be substituted as plaintiff for the S. Bender Iron & Supply Company because it was through mistake and inadvertence that the S. Bender Iron & Supply Company was named as plaintiff in said suit instead of Bender Pipe Company;

"That if said substitution is not made The Bender Pipe Company will suffer irreparable injury for this suit is predicated upon an action to recover personal property belonging to The Bender Pipe Company which is property alleged to have been stolen from The Bender Pipe Company and found in the possession of the defendant;

"That in said cause sequestration has already issued and said property seized under a writ of Sequestration; that replevy was made by the defendant and said property has been disposed of by the defendant, and that if said substitution is not allowed, the property will have been placed beyond the control of this Court and this plaintiff, which will cause great loss and irreparable injury to The Bender Pipe Company, which is the real party in interest, for they will lose their rights under said sequestration."

The substitution was allowed on December 16, 1933, and on January 15, 1934, judgment was rendered in favor of S. Bender and B. Bender, operating under the trade-name of Bender Pipe Company, for the property sued for or for its value as fixed by the court if the property be not

found. This portion of the judgment was against the sureties also.

The first paragraph of the judgment reads: "On this the 15th day of January, 1934, in the above entitled and numbered cause wherein S. Bender and B. Bender, composing the firm of Bender Pipe Company, are Plaintiffs, and W. M. Cox is defendant, came the plaintiffs in person and by their attorneys and announced ready for trial. The defendant appeared not, but in all things made default; it appearing to the Court that defendant had been notified of the setting of said cause, and defendant appearing in person and by counsel announced that he did not wish to defend said cause because of the substitution of parties plaintiff made on the 16th day of December, 1933, by an order heretofore entered in said cause; and it appearing to the Court that said substitution was allowed, because a mistake was made in naming the original parties plaintiffs, and if said substitution had not been allowed, irreparable injury would result to plaintiffs herein."

On the same day that the judgment was entered, J. C. Dorbandt appeared as amicus curiæ and filed the following:

"Now comes J. C. Dorbandt, not as attorney for W. M. Cox but only as a friend of the Court, and would respectfully show:

"1. That this case was not set upon the regular calling of the Docket of this Court.

"2. That the Hon. S. L. Ramsey, Judge of this Court informed counsel for W. M. Cox that this case would not be tried during this term.

"3. That the Hon. Reg. L. Jones is not qualified to take any action herein.

"4. That Defendant has not been served with process herein.

"5. That the action taken and the order entered by the Hon. Reg. L. Jones in this cause on December 16th, 1933, was void because the said Hon. Reg. L. Jones was not qualified to enter any order herein on said date.

"6. That the action of the said Hon. Reg. L. Jones taken and the order entered by the said Reg. L. Jones in this cause on December 16, 1933, was and is void because defendant was not served with a copy of the Motion acted on on said date, and the service thereof was not waived by defendants; and no one was authorized by defendant to waive the service thereof.

"7. That the action taken and the order entered by the Hon. Reg. L. Jones in this cause on December 16, 1933, was and is void because same was entered without authority of law, there being no Statute of this State or Rule of Court or law in this State authorizing such action to be taken or such order to be entered."

On February 2, 1934, Cox filed his plea of privilege to be sued in Stephens county.

No briefs have been filed by defendants in error.

The contention of plaintiffs in error is that the court erred in permitting the substitution of parties plaintiff, and that the default judgment against them is void because there was no service of process had upon Cox after the substitution occurred.

With such contention we agree.

At common law an entire change of plaintiffs was not allowable, because to do so would constitute a change in the cause of action. 32 Tex. Jur. § 73, pp. 110, 111.

Where the substituted party bears some relation of interest to the original party and to the suit, and there is no change in the cause of action, a substitution may be allowed. 32 Tex. Jur. p. 111; 20 R. C. L. § 35, p. 697.

In Armstrong v. Bean, 59 Tex. 492, the suit was originally filed by A. H. Bean and later a petition was filed by Cora L. Bean. The Supreme Court in discussing the case said: "The filing of what was called an amended petition by Cora L. Bean, in a suit filed by A. H. Bean, was an irregularity, and could have no other effect than an original petition; and had the defendant not answered to her petition, which was filed with leave of the court, it is true that no judgment could have been rendered against him in the cause, without service upon him."

The Supreme Court had the question before it again in the case of A. J. Roberson v. McIlhenny, Hutchins & Co., 59 Tex. 615. In that case the original firm consisted of McIlhenny, Hutchins, and Terrell. Goods were purchased from that firm by M. C. Lee & Co., and later Terrell withdrew from the firm. The note upon which the suit was brought was made payable to McIlhenny & Hutchins, who filed the suit. By amendment the name of Terrell was added as a party plaintiff. The court held: "An entire change in the names of the parties to either side of the controversy, or

of the capacity in which the plaintiffs have commenced the proceeding, would in effect be a new suit; and such an amendment, if not pleaded to, would have to be served upon the other party."

It is clear, we think that here there has been a complete change of parties plaintiff, which necessitated service upon the defendant before a judgment could be rendered against him. This would not be true, of course, if Cox had appeared in the cause after the substitution was made.

There are conflicting recitals in the judgment as to his appearance, but we think it clear that the judgment was by default.

The appearance of Cox's attorney as amicus curiæ is, we feel, conclusive of the fact that no appearance was otherwise made.

There having been a complete change of parties plaintiff and no service had upon Cox, the judgment must be reversed. The fact that Cox's plea of privilege, filed after judgment had been rendered, was not controverted, would not authorize us to now change the venue in the cause, and we, therefore, shall merely remand the cause.