Hart, J.
 

 Two questions are here presented. The first is whether the trial court had the power to reinstate the defendant Donley as a party defendant under the circumstances of this case. The second is whether the court, even though it had the power to reinstate, committed error in so doing.
 

 Section 11631, General Code, provides for the modification or vacation of a judgment or order after the term at which it was entered and specifically names the grounds for such action on the part of the trial •court. The action of the trial court in the instant case was taken at the same term and hence the Code section above mentioned does not specifically apply. There is no corresponding statutory authority granting the trial court power to vacate a judgment within the same term at which it was entered, but it is inconceivable that a court should have power to vacate its judgment after the term within which it was entered, and have no power to vacate one entered within the same term.
 

 At common law, a court of general jurisdiction has power to control its own orders and judgments during the term at which they are made or rendered, and the power, in the exercise of a sound discretion, to vánate or modify them. 31 American Jurisprudence, 272,
 
 *456
 
 Section 727. This is an inherent power of the court independent of any statutory authority therefor. 31 American Jurisprudence, 268, Section 718. The power of the trial court in this respect has been recognized by this court on numerous occasions.
 
 Huntington
 
 v.
 
 W. M. Finch & Co.,
 
 3 Ohio St., 445;
 
 Knox County Bank of Mt. Vernon
 
 v.
 
 Doty,
 
 9 Ohio St., 505, 75 Am. Dec., 479;
 
 Niles
 
 v.
 
 Parks,
 
 49 Ohio St., 370, 34 N. E., 735;
 
 Huber Mfg. Co.
 
 v.
 
 Sweny,
 
 57 Ohio St., 169, 48 N. E., 879;
 
 Weber
 
 v.
 
 State,
 
 58 Ohio St., 616, 51 N. E., 116, 41 L. R. A., 472;
 
 First Natl. Bank of Dunkirk
 
 v.
 
 Smith,
 
 102 Ohio St., 120, 130 N. E., 502.
 

 It is further contended by the defendant Donley that when the court dismissed him from the case, his dismissal operated to preclude any further prosecution of the same claim against him either in an independent suit, or in this action by reinstating him as a defendant. In the opinion of the court this claim is untenable.
 

 The record shows that while the defendant Donley was dismissed as a defendant from the case, no formal judgment was entered in his favor on the merits or otherwise. It is a well-settled rule that a judgment or decree of dismissal of an action not involving the merits as distinguished from a dismissal upon the merits, is not a bar to a subsequent action or suit, and will not support a plea of
 
 res judicata. Loudenback
 
 v.
 
 Collins,
 
 4 Ohio St., 251;
 
 Hutton
 
 v.
 
 Curry,
 
 93 Ohio St., 339, 112 N. E., 1019;
 
 Richard v. American Union Bank,
 
 253 N. Y., 166, 170 N. E., 532, 69 A. L. R., 667; 17 American Jurisprudence, 96, Section 78; 30 American Jurisprudence, 944, 945, Section 208. For like reason the dismissal of a defendant from an action without a judgment in his favor upon the merits (see annotation 120 A. L. R., 150) does not protect him from a further assertion of the same claim against him or support a plea of
 
 res jtidicata
 
 in his favor unless he
 
 *457
 
 stood in privity with or was represented by others who were parties defendant as to the same claim and for whom a judgment was entered in the action from which he was dismissed. 30 American Jurisprudence, 954, Section 222, and page 962, Section 228.
 

 The defendant Donley next contends that upon his dismissal the court lost jurisdiction over him and had no power to vacate the order of dismissal, especially since the statute of limitation had run against plaintiff’s claim before the order of dismissal was made.
 

 Counsel for plaintiff claims that since there was no determination of the case upon the merits, he has a right under Section 11233, General Code, to prosecute further his claim against the defendant Donley within •one year from the date of his dismissal, notwithstanding the time limited for the commencement of an action against him had expired at the date of such dismissal. This court, however, has heretofore held that “where an action which has been commenced in due time, is dismissed
 
 by the plaintiff
 
 after the time limited for the commencement of such action has expired, a new action for the same cause, thereafter commenced, is barred, though commenced within one year .after the dismissal of the former action.” (Italics ours.)
 
 Siegfried
 
 v.
 
 Rd. Co.,
 
 50 Ohio St., 294, 34 N. E., 331. The failure of the action other than upon the merits imports some action by the court, and not a voluntary dismissal by the plaintiff.
 
 Siegfried
 
 v.
 
 Rd. Co., supra; Buehrer
 
 v.
 
 Provident Mibtual Life Ins. Co.,
 
 123 Ohio St., 264, 175 N. E., 25.
 

 Claiming that there exists an analogy between the •dismissal of an action by a plaintiff and the dismissal of the defendant from an action as in this case, the defendant insists that under the foregoing authority the plaintiff in this case is not entitled to reinstate his action against the defendant Donley by reinstating him as a defendant.
 

 
 *458
 
 In the instant case, however, there was no dismissal of the action itself, but a mere dismissal and reinstatement of a party by amendment. Counsel for plaintiff moved to withdraw a juror and have the case continued. He also moved to reinstate the defendant Donley, which, in effect, would amount to an amendment of the petition. These motions were allowed. No. service of new process was made upon him as would have been necessary in case a new action had been commenced. The plaintiff in this case must rely upon his right to amend by reinstating the defendant Donley who had already been properly served with process. The question then arises as to whether the court had the authority to allow such reinstatement and amendment.
 

 The right to so amend involves a consideration of Section 11363, Greneral Code, the pertinent part of which is as follows:
 

 “Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved.”
 

 Where a cause of action is not changed after the expiration of the limitation period, an amendment substituting a new defendant relates back to the time the action was commenced and the period of limitation is computed from that time. 25 Ohio Jurisprudence, 591, Section 242; 30 Ohio Jurisprudence, 806, Section 76; 34 American Jurisprudence, 224, Section 276. See
 
 Louisville & N. Rd. Co.
 
 v.
 
 Greene, Admx.,
 
 
 *459
 
 113 Ohio St., 546, 149 N. E., 876;
 
 B. & O. & C. Rd. Co.
 
 v.
 
 Gibson,
 
 41 Ohio St., 145;
 
 Zieverink
 
 v.
 
 Kemper, Reer.,
 
 50 Ohio St., 208, 34 N. E., 250.
 

 At common law, a substitution of parties which would affect the cause of action was not allowed. But, where there is no change in the cause of action and the parties substituted bear some relation of interest to the original parties and to the suit, substitution may be allowed. 30 Ohio Jurisprudence, 800, Section 71; 34 American Jurisprudence, 224, Section 276.
 

 No material change in the cause of action set out in the original petition to defend against which the defendant Donley was summoned was made by the amended petition. He is the identical defendant properly brought into the case before the statute of limitation had run. See
 
 Douglas, Admx.,
 
 v.
 
 Daniels Bros. Goal Co.,
 
 135 Ohio St., 641, 647, 22 N. E. (2d), 195, 123 A. L. R., 761. Much latitude of amendment is properly allowed to save a cause of action, if possible, from the bar of limitation.
 
 Clinchfield, Rd. Co.
 
 v.
 
 Dunn, Admx.
 
 (6 C. C. A.), 40 F. (2d), 586, 74 A. L. R., 1276.
 

 It is also claimed that an amendment which strikes out a defendant or defendants and substitutes a single defendant may not be made. This it is claimed is a mere attempt to avoid bringing a new action which may be barred.
 

 The case of
 
 Boehmke
 
 v.
 
 Northern Ohio Traction Co.,
 
 88 Ohio St., 156, 102 N. E., 700, was one wherein the plaintiff sought damages for personal injuries suffered August 19, 1900. Suit was first brought against The Akron, Bedford & Cleveland Company. Some months before the plaintiff was injured this company had merged with the Akron city lines into The Northern Ohio Traction Company, which fact was unknown to the plaintiff when he filed his petition. Summons was served upon The Akron, Bedford & Cleveland
 
 *460
 
 Company by copy delivered to its president. Answer was filed in October 1900 in the name of The Akron, Bedford & Cleveland Company by attorneys for tbe consolidated company. From that date until October 1906 notices were given to, and continuances were had with the consent of, the same attorneys appearing as attorneys for The Akron, Bedford & Cleveland Company. On this latter date attorneys for the plaintiff,, learning of the merger which had taken place before-plaintiff’s injury and before the petition had been filed, asked leave to amend the petition by substituting the name of The Northern Ohio Traction Company in place of The Akron, Bedford & Cleveland Company,, as party defendant. Leave was granted over the objection of The Northern Ohio Traction Company,, notwithstanding the period of limitation for the commencement of an action against it had expired. An amended petition was filed May 17, 1909, and the answer of The Northern Ohio Traction Company was. filed July 1, 1909. After a second trial of the case, a judgment was entered for the plaintiff. Error was prosecuted to the Circuit Court which reversed the judgment on the ground that the trial court erred in permitting the amendment to the petition, and in ruling that the action was not barred by the statute of limitations. This court reversed the judgment of the Circuit Court and held that “where one knows himself to be-the wrongdoer sought to be made liable in an action of damages for the wrong, and voluntarily appears by his attorney and answers in the name of and ostensibly as another person who was by the plaintiff named as defendant, and served with process in the mistaken belief that the latter person did the wrong, the former-person thereby submits himself to the jurisdiction of the court and may be substituted as the real defendant in place of the nominal defendant sued by mistake
 

 
 *461
 
 In the course of the opinion the court said:
 

 ‘ ‘ Our statute of amendments is very liberal. In furtherance of justice the court may amend any pleading, process or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect. * * *
 

 “The court was right in amending the proceeding by substituting the name of the real defendant for whom its own attorneys appeared and made the defense for it in fact, though
 
 ostensibly
 
 for the company which was sued by mistake and whose legal personality, franchises, assets and obligations it had absorbed.
 

 “Having voluntarily come into court, though in the guise of The A. B. C. Co., and filed an answer in its own defense, though ostensibly for the nominal defendant sued by mistake, The N. O. T. Co. stopped the statute of limitations from running in its favor during the long period it graciously permitted the case to be continued in the false hope that the bar of the statute would ripen.”
 

 In passing, it may be noted that in the case at bar no question is made or can arise concerning the jurisdiction of the court over the person of the defendant Donley, since he was properly served with summons before the period of limitation had expired. On the other hand, it may be observed that no attempt was made to amend by making the Alfred Nickels Bakery, Inc., represented by counsel, a party defendant.
 

 In the case of
 
 Johnson
 
 v.
 
 Carroll,
 
 272 Mass., 134, 172 N. E., 85, 69 A. L. R., 1244, three different plaintiffs brought actions for personal injuries against one Osborne because of the negligent operation of his automobile by one Carroll as his agent. Later it developed that Carroll was not the agent of Osborne but was merely driving the car with Osborne’s permis
 
 *462
 
 sion. Subsequently the plaintiffs filed motions to amend their several writs and declarations so as to strike out Osborne as a defendant and to transform them into actions against Carroll founded on his negligence in operating the automobile. The motions were allowed by the trial court and Carroll was brought into the case by process. Carroll, as defendant, filed motions to dismiss, which were overruled. The correctness of these orders was before the Supreme Judicial Court of Massachusetts for determination, there being-in that state a similar statute permitting- amendments. In sustaining the action of the lower court, Chief Justice Rugg, speaking for the reviewing court, said:
 

 “The allowance of the amendment striking out Osborne as the defendant and inserting Carroll as the defendant was an adjudication by the court that the several plaintiffs would thereby be enabled to maintain their actions for the causes for which they were originally intended to be brought. # # * The cause of action intended to be prosecuted when the writs were sued out was that founded on the negligent operation of the automobile through collision with which they were injured. The facts hitherto recited fully warranted a finding that the cause of action for which each writ was brought was the same as that now being prosecuted. [Citations omitted.]
 

 “* * * There was no legal impediment to the allowance of the amendments provided the court found the essential fact that the plaintiffs originally intended to bring- actions for the causes now disclosed on the papers as amended, and that finding was permissible on the facts reported.
 

 “That the cause of action would have been barred by the statute of limitations if originally brought against Carroll at the time the motions to amend were presented, was not conclusive against the allowance of
 
 *463
 
 the amendments hut might have been found to afford additional reason for allowing them. See cases collected in
 
 Genga
 
 v.
 
 Director General of Railroads,
 
 243 Mass., 101, 104.”
 

 See, also,
 
 McLaughlin
 
 v.
 
 West End Street Ry. Co.,
 
 186 Mass., 150, 71 N. E., 317;
 
 Heckman’s Admr.
 
 v.
 
 L. & N. Rd. Co.,
 
 85 Ky., 631, 4 S. W., 342;
 
 McGrath, Admx.,
 
 v.
 
 West End Orchard & Land Co.,
 
 43 Idaho, 255, 251 P., 623;
 
 Mass. Bldg. Finish Co., Inc.,
 
 v.
 
 Brenner,
 
 288 Mass., 481, 193 N. E., 355;
 
 Sidis
 
 v.
 
 Rosaia,
 
 170 Wash., 587, 17 P. (2d), 37.
 

 The cases above reviewed and cited sustain the contention of the plaintiff in this case. The provisions of Section'11363, General Code, are to be liberally construed in the interest of justice. Under the broad provisions of the statute in question, the court had the power to amend by reinstating the defendant as the sole defendant in the case. 31 Ohio Jurisprudence, 944, Section 339; 39 American Jurisprudence, 954
 
 et, seq.,
 
 Sections 84 and 85.
 

 The remaining question is: Did the trial court abuse its discretion in permitting the amendment? Counsel for plaintiff asserts that his dismissal of Donley from the case was motivated by the so-called admissions made by counsel for defendants which led him to believe that Donley, in operating the truck, was the servant of the other defendant, who had been designated as Alfred Nickels, doing business as Nickels Bakery, when as a matter of fact he was in the employ of the Alfred Nickels Bakery, Inc., a corporation. On this subject, the trial court, in passing on the motion to reinstate the defendant Donley, said:
 

 “Now, there is no question but that the attorney for the defendants herein went out of his way both in his opening statement to the jury and in his admission of the relationship existing here to choose his words
 
 *464
 
 carefully so that the attorney for plaintiff would not be tipped off as to the fact that this defendant was in fact a corporation until after he had made his election, and.we think that he had a perfect right to do so but in doing so, we think that he is held to strict accountability and that when he failed to give the correct corporate name which ends with the word ‘Incorporation,’ that he is guilty of at least legal misrepresentation and deception.
 

 “Also in the trial of the case when a witness, Harry Moherman, was giving his testimony, attorney for the defendant objected to the line of questioning and the court asked him what his objection was, and the attorney for the defendant said that ‘Harry Donley is no longer a party to this lawsuit’; whereupon the court said that the matter would be admissible because from the admission here, the relationship of principal and agent existed. To this counsel for the defendant remained silent, when the court is of the opinion that it was his duty to speak, if the court at least was deceived. So that from the misstatement of the corporate name in the admission made by counsel for the defendant, and his failure to speak when we believe that it was his duty to do so, the court feels that the attorney for the plaintiff was deceived in this matter, and that he was caused thereby to dismiss a defendant that he would .not have dismissed had the counsel for defendant in his opening statement stated the real name of this incorporation which ended with the word ‘Inc.’ and which true statement would have put the counsel for the plaintiff on notice, so that in his election' and in his dismissal he could have been guided thereby.”
 

 Actual fraud or .an intent to deceive is' not an essential element of an estoppel to plead the statute of limitations. An estoppel may be predicated upon misrepresentations made by a debtor which misled his creditor, who relied upon them in good faith, so that
 
 *465
 
 he failed to commence suit within the statutory period. ■34 American Jurisprudence, 332, Section 420.
 

 Granting or refusing to grant a motion to amend rests in the sound discretion of the trial court.
 
 Tilton
 
 v.
 
 Morgaridge,
 
 12 Ohio St., 98, 104;
 
 Bobo
 
 v.
 
 Richmond, 25
 
 Ohio St., 115, 122;
 
 Clark
 
 v.
 
 Clark,
 
 20 Ohio St., 128, 135;
 
 Archdeacon, Admr.,
 
 v.
 
 Cincinnati Gas & Electric Co.,
 
 76 Ohio St., 97, 81 N. E., 152;
 
 Railroad Co.
 
 v.
 
 Hutchins,
 
 37 Ohio St., 282. And on review, the trial court is presumed to have been justified in permitting an amendment unless the contrary is clearly shown. 31 Ohio Jurisprudence, 927, 928, Section 330. There was no abuse of discretion on the part of the trial court in permitting the amendment sought by the plaintiff in this case.
 

 The judgment is reversed and the cause remanded to the Common Pleas Court for further proceedings ■according to law.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Matthias and 'Zimmerman, JJ., concur.
 

 Bell, J., not participating.