# Richmond

## Milton W. Jacobson, Et Al., Etc. v. Southern Biscuit Company, Inc., Et Al., Etc.

March 11, 1957.

Record No. 4619.

Present, All the Justices.

The opinion states the case.

*Emanuel Emroch*, for the plaintiffs in error.

*Frederick T. Gray* (*George R. Humrickhouse* and *Williams, Mullen, Pollard & Rogers*, on brief), for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The appellants complain of an order of the trial court which dismissed their suit on the ground that they had sued a nonexisting corporation and were not entitled to amend by substituting another corporation as the defendant.

The action was by a motion for judgment against "Southern Biscuit Company, Incorporated, a Virginia corporation, Terminal Place, Richmond, Virginia." It asserted the plaintiffs' right to have judgment for $3,447.90 for the rental of vehicles which the plaintiffs had furnished to the defendant at the defendant's request for its use in and about Haverford, Pennsylvania, and Medford, New Jersey, for the period shown on an account annexed to the motion as Exhibit A. The account was against "Southern Biscuit Co. Box 2 T Richmond 4, Virginia Attn: Mr. Cole," and covered the period for the week ending December 20, 1952, through the week ending February 21, 1953.

This motion was filed on December 13, 1955. It was executed on the same day by delivering a copy thereof to A. B. Childress, "Asst. Sectry. Southern Biscuit Co., Inc."

On December 15, 1955, two days later, the court entered an order allowing the plaintiffs' motion for judgment to be amended "To correct as follows the name and address of the defendant" to "Weston Biscuit Company, Inc., a Delaware corporation, doing business in the State of Virginia under the name of Southern Biscuit Company, whose statutory agent is the Secretary of the Commonwealth of Virginia;" and the amended motion was ordered to be served on the proper authorities. The motion for judgment as so amended, and

otherwise in the identical language and with the identical exhibit as the original motion, was duly filed and duly executed on the statutory agent on December 15, 1955.

On January 3, 1956, "Weston Biscuit Company, Inc., a Delaware Corporation, doing business in the State of Virginia under the name Southern Biscuit Company, By Fielding L. Williams Of Counsel" filed its motion to strike out the amended motion for judgment and to quash the process issued thereon on the ground that the amended motion "was in fact the institution of a new action," and the substitution of one sole defendant for another sole defendant, "the only change * * being the defendant's name."

On the same day, January 3, 1956, "Fielding L. Williams, Attorney at Law," moved the court to quash the process issued on December 13, 1955, and served on "A. B. Childress, Assistant Secretary of Southern Biscuit Company, Inc.," and informed the court that Southern Biscuit Company, Inc., had been dissolved on December 30, 1950, and all of its assets transferred to Weston Biscuit Company, Inc., a Delaware corporation which had been domesticated in Virginia on January 2, 1951, had appointed the Secretary of the Commonwealth as its statutory agent, and had filed in the clerk's office of the Chancery Court of the City of Richmond a certificate that it proposed to do business in Virginia under the name "Southern Biscuit Company".

Thereafter the plaintiffs called A. B. Childress, who testified that he was Assistant Secretary-Treasurer of Southern Biscuit Company, a division of Weston Biscuit Company, Incorporated; that the address of Southern Biscuit Company was Terminal Place, Richmond, Virginia, Box 2 T; that Southern Biscuit Company, Inc., was owned by local interests for many years prior to 1944, when all of its stock was purchased by Weston; that Southern continued to operate under its Virginia charter as a wholly owned subsidiary of Weston until 1950, at which time all interests independently owned were dissolved as separate corporations, and at the first of 1951 Weston was chartered as a Delaware corporation and domesticated to do business in Virginia under the assumed name of Southern Biscuit Company.

He testified that Weston maintained the same location and the same plant as Southern had operated and continued to conduct its general business in this area without change in sales policies, manufacturing methods or distributorships; that Southern Biscuit Company had always distributed nationally and there had been no change in that; that Southern Biscuit Company was known to the public as the

maker of F.F.V. products; that in the sale of these products the stationery carries the name Southern Biscuit Company; the bank account was in that name and checks issued in payment of accounts had that name on them.

He testified that he holds the same office with Weston Biscuit Company, Inc., trading as Southern Biscuit Company, as he formerly held with Southern Biscuit Company, Inc. He said that on December 13, 1955, when the original motion was served on him he was familiar with the fact that the plaintiffs were asserting a claim against Southern Biscuit Company involving the items shown on the account.

On January 16, 1956, the court entered the order appealed from quashing the process and return of service thereof on Southern Biscuit Company, Inc., and struck out the amended motion for judgment against Weston, quashed the process issued thereon and the service thereof, and dismissed the original action and the amended action of the plaintiffs.

[■■] The questions arising on motions to amend pleadings to correct names and to substitute parties have frequently engaged the attention of courts and the decisions are by no means harmonious. They are governed by the facts of the particular case or by the language of the statutes involved, or both. The tendency of modern decisions is reflected in our Rule 3:13, which directs that "Leave to amend shall be liberally granted in furtherance of the ends of justice."

Section 8-97 of the Code provides that no plea in abatement for a misnomer shall be allowed but correction shall be made by amendment on motion accompanied by an affidavit of the right name.

Section 8-119 provides that in any suit or action the court may at any time "in furtherance of justice, and upon such terms as it may deem just," permit any pleading to be amended, or material supplemental matter to be set forth in supplemental pleadings, disregarding at every stage any error or defect which does not affect the substantial rights of the parties, with such provision as to continuance and costs as may be fair and just.

In many jurisdictions statutes and rules of practice governing amendments are construed to allow, in a proper case, when the interests of justice require it, the substitution of a new plaintiff or defendant for the original plaintiff or defendant. Under the modern view the propriety of such substitution "is not determined merely by whether there has been a complete change of parties, but is determined by whether that change has the effect of introducing an en-

tirely new cause of action. Where such substitution will introduce a new cause of action into the case it cannot be allowed, while if it will not introduce a new cause of action it may be permitted." 39 Am. Jur., Parties, § 98 at p. 967. " '. . . (T)he discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits.' " *Klopstock* v. *Superior Court*, 17 Cal. 2d 13, 22, 108 P. 2d 906, 911, 135 A. L. R. 318, 324. And see Anno., 135 A. L. R. 325.

"Where the substituted party bears some relation of interest to the original party and to the suit, and there is no change in the cause of action, a substitution may be allowed." *Cox* v. *Bender,* Texas Civ. App., 84 S. W. 2d 297, 299. *Moherman* v. *Nickels,* 140 Ohio St. 450, 45 N. E. 2d 405, 143 A. L. R. 1174, 1179; 67 C. J. S., Parties, § 85, p. 1075.

If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated. 39 Am. Jur., Parties, § 124, pp. 1002-3; Anno., 124 A. L. R. 86, 124, 136; and see p. 128, where it is stated that possibly upon the theory that a trade name is really the name of the person using it, amendments to give the real name, whether individual or corporation, had been allowed in the cases there cited.

In *Baldwin* v. *Norton Hotel,* 163 Va. 76, 175 S. E. 751, there was an application of these principles. Although importance was there attached to a plea of the general issue, signed by "Hotel Norton, Incorporated," the action was against "Norton Hotel, Incorporated." There was no corporation by either of those names, but Norton Realty Corporation owned and operated the hotel, locally known as Hotel Norton, in which the accident occurred for which the suit was brought. The plaintiff moved to amend by changing the name of the defendant to Norton Realty Corporation, but the trial court denied his motion and dismissed his action. This court reversed, holding that under the liberal construction which should be given to § 6104 of the Code, now § 8-119, *supra,* the amendment should have been allowed, pointing out that "Whatever name it used, or by which it was known, the real defendant was the owner and operator of the Norton Hotel" where the accident occurred; and that while the plaintiff had used the wrong name in describing the defendant, it was a name by which the defendant was known to the public and when

process was served the real defendant knew it was the party against whom the action was instituted.

■ So in this case the real defendant was the corporation which owed the account for which the suit was brought. That account was against Southern Biscuit Company, the trade name used by Weston. It was for items beginning December 20, 1952, and ending February 21, 1953, which the motion for judgment stated were for rental of vehicles furnished to the defendant at defendant's request. These dates were after Weston had absorbed Southern Biscuit Company, Inc., and after it had given notice that it was using the trade name Southern Biscuit Company, by which it was known to the public. When the original motion for judgment on the account against Southern Biscuit Company, but naming the defendant Southern Biscuit Company, Inc., was served on the assistant secretary-treasurer of Weston, that officer, who had held the same position with Southern, knew that the plaintiffs were asserting a claim on a contract made by Weston in its trade name and that Weston was the corporation intended to be sued.

The amendment which the court allowed and then struck out worked no change in the cause of action sued on, the party which it substituted bore a real relation of interest to the original party and to the suit, and nobody was misled or prejudiced by the mistake. It was proper, we think, to allow the amendment in the first place and error to strike out the amended motion and dismiss the suit. *Cf. Clevenger* v. *Grover*, 212 N. C. 13, 193 S. E. 12, 124 A. L. R. 82, and Anno. at p. 86.

The statement quoted in *Leckie* v. *Seal*, 161 Va. 215, 223, 170 S. E. 844, 846, from 1 Va. Law Reg. 548, to the effect that where the error in naming a defendant corporation is so material "that *no such* corporation exists, it is fatal at the trial," is not a categorical rule of unqualified application and is not applicable in the circumstances of this case.

■ The plaintiffs' action should not have been dismissed for another reason. The advantage of an amendment over a new suit is usually in its effect on the running of the statute of limitations. See Anno., 74 A. L. R. 1280. The amended motion for judgment against Weston, as above stated, was filed December 15, 1955, and served on Weston's agent the same day. Weston was thereby notified that judgment was being asked against it for the same cause as set out in the original motion and it could then make its defense to the same

extent as if it had been originally named as defendant. *Johnson* v. *Carroll*, 272 Mass. 134, 172 N. E. 85, 69 A. L. R. 1244. If this second motion was not considered to be a proper amendment of the first, no reason is perceived why it should not serve as an original motion. The statute of limitations would not, it seems, be thereby involved, but if so it could have been dealt with on the trial.

The judgment appealed from is reversed and the case remanded to be further proceeded with on plaintiffs' amended motion for judgment.

*Reversed and remanded.*