Cottrell et al.

v.

Griffin J. West et al.

February 6, 1969

Case No. (Law) 5016

By JUDGE EDWARD L. RYAN, JR.

Plaintiffs ask leave to file a reply to the "new matter" set up by defendants' plea. (Rule 3:11). The defendants' express request for reply was made on October 30, 1968, and response should have been made within twenty-one days thereafter. At the hearing on January 10, 1969, plaintiffs' attorney explained that the failure to reply was due to oversight on his part.

Under such circumstances, the defendants say that plaintiffs are in default and thus they are entitled to summary judgment.

Rule 3:5 provides that a defendant is in default if he fails to respond to "the notice of motion for judgment."

Rule 3:19 provides that "[a] defendant who fails to plead to a *notice of motion for judgment* within the required time is in default."

Rule 3:11 requiring reply to "new matter" makes no mention of default in event of a failure to reply within twenty-one days.

The Virginia case law cited to the court by defendants deals only with the failures of defendants to answer the original claims of plaintiffs. Also, these cases deal basically with failures of *litigants* and not oversights of lawyers to file supplemental pleadings.

The court is of the opinion that we are not dealing with a technical "default," under the Rules of Court

cited above, but rather with a failure to file a supplemental, requested reply. Of course, there are other instances under the Rules when a default may arise, e.g. Rule 4:12(b)(2)(iii) and (d).

Thus, this appears to be a case of first impression in Virginia.

At the outset, the plaintiffs are faced with two plainly worded Rules, one directly applicable and the other indirectly applicable, at least in spirit. (3:18(e) and 4:11(a))

> *Rule 3:18(e):*
> An allegation of fact in a pleading that is not denied by the adverse party's pleading, *when the adverse party is required by these Rules to file such pleading*, is deemed to be admitted. (Italics supplied.)

> *Rule 4:11(a):*
> Each of the matters of which an admission is requested shall be deemed admitted unless (the party to whom the request is directed serves answer upon the party so requesting).

In their plea of accord and satisfaction the defendants review in comprehensive fashion all of the facts of the controversy (from their viewpoint) and conclude by stating further facts as to the settlement conferences between the parties and the legal accord and satisfaction reached by the parties. In the prefatory clause of the plea it is recited "come now defendants Griffin J. West and Virgilina West, requesting a reply to this plea." At this writing, the reply of the plaintiffs is approximately three months overdue.

In his letter to the court of January 14, 1969, counsel for the plaintiffs states "The undersigned completely overlooked the request for a reply contained in the first sentence of the Plea of Accord and Satisfaction filed on behalf of the defendants on October 30, 1968. In fact, this request was not seen until pointed out to the undersigned in your presence on Friday, January 10, 1969.

There is an irreconcilable conflict in the authorities in default cases involving mistake or inadvertence on the part of an attorney. See: Annotation, "Opening Default

or Default Judgment Claimed To Have Been Obtained Because of Attorney's Mistake As To Time Or Place Of Appearance, Trial, Or Filing Of Necessary Papers," 21 A.L.R.3d 1255. As is so often the rule, each case must be reached on its own peculiar facts and circumstances.

In *Herndon* v. *Wickham*, 198 Va. 824 (1957), suit was instituted on June 9, 1954, and grounds of defense was filed within the required twenty-one-day period, but defendants did not then invoke the statute of limitations. It was not until May 13, 1955, an intervening period of eleven months, that defendants notified the plaintiff that they would ask leave of court to plead the statute of limitations. Leave was granted on May 18 and the case was reached for trial on May 24. The Court of Appeals found that "Undoubtedly they were tardy," but affirmed the action of the trial court in permitting the late filing of the plea, noting that there was no abuse of discretion. See also *Jacobson* v. *Southern Biscuit Co.*, 198 Va. 813 (1957); *Shriners Hospital* v. *Bank*, 198 Va. 130 (1956).

In *Jacobson* the court observed that "[t]he tendency of modern decisions is reflected in our Rule 3:13, which directs that 'Leave to amend shall be liberally granted in furtherance of the ends of justice'."

Have the defendants been "taken by surprise or prejudiced" by plaintiffs' motion for leave to file responsive pleadings?

As to surprise, the following should be outlined. Defendants' attorney states that "on or about November 25, 1968, counsel for the parties agreed to a hearing upon the defendants' plea on January 10, 1969." The court has no evidence as to what was discussed by counsel on the November date, but it does know that it is customary for counsel to exchange ideas as to the time element that will be involved in the hearing. At the calling of the Friday docket for scheduling of numerous motions on the January date, counsel for plaintiffs, as requested, advised the court that the taking of evidence and the arguments on the plea would consume several hours. (The previously prepared docket sheet indicated that it would be a lengthy hearing.) The record shows that plaintiffs subpoenaed six witnesses to support their own testimony. It was thus apparent to the court, as it must have been to the defendants, that plaintiffs were prepared to resist stoutly the factual allegations of the plea. While plain-

tiffs had filed no reply to the plea, the defendants could not have been surprised that plaintiffs were contesting the plea. Indeed, the true surprise was that of counsel for the plaintiffs when the defendants' attorney announced that he was of the opinion that the hearing would not exceed ten minutes if his motion for default or summary judgment was sustained.

Defendants say further that they are taken by surprise by plaintiffs' apparent change in their attack on the plea. The reply should state clearly the ground of attack, and if it does not it may be further amplified on a motion for a bill of particulars (Rule 3:18(d)) thus eliminating any true surprise.

A ruling in favor of plaintiffs will, it is true, deprive the defendants of a speedy and abrupt end of the lawsuit, but the court concludes that this result would not be, in a legal sense, prejudicial to the defendants.

> Prejudice--1. Chiefly Legal. To injure or damage by some judgment or action; impair; as to *prejudice* a good cause. *Webster's New Collegiate Dictionary*, p. 666.

> Prejudice--A person is "prejudiced" in the legal sense, when a legal right is invaded by an act complained of or his pecuniary interest is directly affected by a decree of judgment. *Black's Law Dictionary*, 3rd Ed., p. 1402.

Permitting plaintiffs to file their reply will take from defendants a tactical and technical advantage, but it will not prejudice their basic and good cause, or invade their legal rights, or affect their pecuniary interests *directly.* They will have their day in court to assert any and all of their basic defenses and their rights will be preserved. On the other hand, a ruling adverse to the plaintiffs would place them squarely aboard the definitions set out above.

An order may be submitted granting leave to plaintiffs to file their reply, preserving defendants' exceptions.