## CIRCUIT COURT OF ARLINGTON COUNTY

Ankaitis

v.

Merchants Firestone Tire Center et al.

March 10, 1975

Case No. (Law) 17048

By JUDGE CHARLES H. DUFF

It seems to me that the Plea in Abatement filed in this case is controlled by Sec. 8-97, *Code of Virginia*, 1950 and the opinions of *Jacobson* v. *Southern Biscuit Co.*, 198 Va. 813 (1957), and *Baldwin* v. *Norton Hotel*, 163 Va. 76 (1934).

The name "Merchants Firestone Tire Center" is represented as a fictitious trade name for "Merchant's Incorporated." I assume there is no genuine dispute as to the address of the business being 1503 Lee Highway, Arlington, Virginia, or that W. Caton Merchant, Jr., upon whom service by posting was perfected, is the Registered Agent of Merchant's Inc. Under such circumstances I am of the opinion that the latter corporation should be substituted for the name appearing in the caption of the Motion for Judgment. The comment of the Supreme Court in *Jacobson* is apropos:

> If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated. 39 Am. Jur., Parties, Sec. 124, pp. 1002-3; Anno., 124 A.L.R. · 86, 124, 136; and see p. 128, where it is stated that possibly

upon the theory that a trade name is really the name of the person using it, amendments to give the real name, whether individual or corporation, had been allowed in the cases where cited.

In the event the parties cannot stipulate that the service on Mr. Merchant was as Registered Agent of the defendant, plaintiff should secure further service upon him in that capacity.