## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Hatfield

v.

Elco Elevator Corp. et al.

November 6, 1981

Case No. (Law) 6406

By JUDGE ALBERT H. GRENADIER

This case came on to be heard October 28, 1981, upon the plea of the statute of limitations filed by the defendant Armor Elevator Company, Inc.

The facts in this case are not basically in dispute. In a motion for judgment filed on December 9, 1980, the plaintiff claimed that on June 20, 1979, he was injured when an elevator malfunctioned. He named as defendants Elco Elevator Corp. and Hubert N. Hoffman and alleged that they were negligent in the maintenance and operation of the subject elevator. Both parties answered and Hoffman filed a cross-claim against Elco. After some discovery had taken place the plaintiff requested leave of court to amend his motion for judgment to add as a new party defendant Armor Elevator Company, Inc. On June 22, 1981, the Court entered an order granting the plaintiff leave to do so. An amended motion for judgment was filed the same day, naming as the additional defendant not Armor Elevator Company, Inc., but "Armor Elevator, Inc." Service of process was not effected, the Sheriff of Henrico County noting that the corporate name was incorrect. On September 16, 1981, the plaintiff filed an alias amended motion for judgment naming Armor Elevator Company, Inc., as the additional defendant. The alias amended motion for judgment was duly served on Armor's registered agent on September 28, 1981. Armor filed its plea of the statute of limitations on October 16, 1981.

Under the provisions of § 1-13.3:1 of the Code of Virginia, the original amended motion for judgment was timely filed on Monday, June 22, 1981, as June 20, 1981, was a Saturday. It is well settled in Virginia that where a new party is brought into a suit by an amended pleading, the suit must be deemed to have been commenced as to him at the time he was so brought in. *Webb v. United States Fidelity and Guaranty Company*, 165 Va. 388, 393 (1935); *Dorr's Administrator v. Rohr*, 82 Va. 359, 365 (1886). Therefore, had the plaintiff properly named the additional defendant in the amended motion for judgment the suit against it would have been commenced within the time prescribed by statute. Unfortunately, although the motion for leave to amend and the order granting leave to amend correctly stated the name of the new defendant, the amended motion for judgment inexplicably did not.

The ultimate question is whether the misnomer contained in the original amended motion for judgment can be corrected after the statute of limitations has run on the claim. The answer to this question can be found in *Jacobson v. Southern Biscuit Company, Inc.*, 198 Va. 813, 817 (1957), wherein the Virginia Supreme Court stated on p. 817:

> If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated.

The causes of action stated in the amended motion for judgment and in the alias amended motion for judgment are clearly the same. The addition of the correctly named defendant does not in any way change the cause of action set forth in the amended motion for judgment. The statutes and rules of practice in Virginia are construed to allow, in a proper case, when the interests of justice require it, the substitution of a new defendant for the original defendant. The Court believes that this is such a case. The Court must also find that the ruling in *Leckie v. Seal*, 161 Va. 215, 223 (1933), is not applicable under the circumstances of this case. Accordingly, the plea of the statute of limitations will be denied.