## CIRCUIT COURT OF ARLINGTON COUNTY

Keene

v.

William F. Pier et al.

December 13, 1982

Case No. (Chancery) 32899

### By JUDGE THOMAS R. MONROE

I [am] advising [counsel] of my conclusion regarding the motion of plaintiff to permit him to amend his pleadings to correct a misnomer.

The Court has carefully considered the oral arguments and memoranda submitted by both counsel and am of the opinion that the motion should be granted.

The issue is whether plaintiff's motion involves a case of misnomer or an attempt to add a new party.

An examination of the evidence presented reveals the following. Plaintiff has received brochures from a California organization dealing in survival equipment and food stuffs; the mailings were by S.I. Equipment, Ltd.; no change in the mailing method, listing seller as "Survival, Inc.," and later "S.I."; the format of the brochures and products offered continued; plaintiff issued checks made out to "Survival, Inc." and "S.I." and these checks were duly accepted and items shipped; a check dated in 1976 payable to Survival, Inc., was deposited to the account of Survival, Inc.; checks dated in 1977 through April, 1978, issued to Survival, Inc., were deposited to the account of S.I. Throughout the times of communication between plaintiff and seller, there prevailed a similarity of interest and accord between the parties. The executive officer of S.I. Equipment, Limited, and

registered agent is William F. Pier, the other defendant herein.

It appears that Survival, Inc., and S.I. Equipment, Limited, are one and the same.

A misnomer in a corporate name does not invalidate a contract when it is clear what corporation the parties intended. *Lataif v. Commercial Industrial Construction, Inc., et al.,* 223 Va. 59 (1982).

If the right party is before the Court, although under a wrong name, an amendment to cure a misnomer will be allowed. *Jacobson v. Southern Biscuit Co.,* 198 Va. 813 (1957).

The motion of plaintiff to amend to correct a misnomer is granted.