## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Bishop Anthony Butler

v.

Howard Johnson's etc.

January 27, 1983

By JUDGE JOHN A. JAMISON

I have given careful consideration to [the] respective memoranda for and against the Defendant's Motion to Quash the service of process in the above matter.

It appears that the response of counsel for the Plaintiff to the Defendant's memorandum of authority filed on October 11, 1982, cites *Jacobson* v. *Southern Biscuit Co.*, 198 Va. 813 (1957), as the correct authority. The holding there is that "if the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the Statute of Limitations, provided there is no change in the cause of action originally stated."

It appears that Plaintiff's styling of the Defendant's trade name as "Howard Johnson's, a Foreign Corporation t/a as Howard Johnson's Motor Lodge," is a sufficient description of the Defendant, notwithstanding the failure of the Plaintiff to style the Defendant as "Howard Johnson Company," to make this a true case of such a misnomer as would allow an amendment, which will be permitted here.

The second ground stated in Defendant's Motion to Quash, and elaborated upon in paragraph four thereof, Section 8.01-301, requires a close reading of §§ 8.01-328, 8.01-328.1(3), (4), and 8.01-329. These sections must, of course, be read together to form a context. At first it seemed that service on a Corporation authorized to do business in Virginia could be had only by personal service upon an officer, director or the registered agent

in Virginia of such Foreign Corporation or by substituted service in accordance with §§ 13.1-111 and 13.1-274.

However, subsection (3) of 8.01-301 makes it clear that if jurisdiction is authorized under Section 8.01-328.1 regardless of whether such Foreign Corporation is authorized to transact business within the Commonwealth, service may be had upon an agent of such Corporation in accordance with 8.01-329(A):

> When the exercise of personal jurisdiction is authorized by this chapter, service of process or notice may be made in the same manner as is provided for in chapter 8 (§ 8.01-285 et seq.) of this title in any other case in which personal jurisdiction is exercised over such a nonresident party, *or process or notice may be served on any agent of such person in the county* or city in this State in which he resides. (italics supplied)

Accordingly, I am of the opinion that service of process upon Mrs. Katherine Seay in this case was proper. The Motion to Quash will be denied.