4

## CIRCUIT COURT OF THE CITY OF PETERSBURG

Walter Archer

v.

Benjamin H. Rice et al.

November 14, 1985

## By JUDGE OLIVER A. POLLARD, JR.

This letter addresses Plaintiff's Motion to Amend the name of the defendant "Petersburg Hospital, Incorporated" to "The Hospital Authority of the City of Petersburg" and the Response filed on behalf of Petersburg Hospital, Incorporated.

In this case the defendant was designated, in Plaintiff's Second Amended Motion for Judgment, as "Petersburg Hospital, Incorporated (d/b/a Petersburg General Hospital)". This pleading clearly shows the intended defendant was the operator of the Hospital known as Petersburg General Hospital. The verbiage in the caption "d/b/a Petersburg General Hospital" also makes this abundantly clear.

The Hospital Authority of the City of Petersburg took over functions and assets of Petersburg Hospital, Incorporated, upon the formation of the Hospital Authority. The Board of Directors of Petersburg Hospital, Incorporated, and the Hospital Authority of the City of Petersburg are the same and business meetings are conducted at the same time and place.

The Supreme Court of Virginia, on commenting with approval on such an amendment, stated "the amendment which the Court allowed and then struck out worked no change in the cause of action sued on, the party which it substituted bore a real relation of interest to the original party and to the suit, and nobody was misled or prejudiced by the mistake. It was proper, we think,

to allow the amendment in the first place and error to strike out the amended motion." *Jacobson v. Southern Biscuit Company*, 198 Va. 813 (1957). It is interesting to note that the defense counsel in its cover letter to the Clerk of this Court dated September 18, 1985, wrote, "please find Grounds of Defense on behalf of Petersburg General Hospital."

All things being considered it is the opinion of the Court that the Amendment should be allowed.