## CIRCUIT COURT OF BATH COUNTY

E. Lyle

    v.

P. C. Nowlin, III

### February 10, 1989

By JUDGE DUNCAN M. BYRD, JR.

    This matter comes before the Court upon the Plaintiff's Motion to Amend pursuant to Code of Virginia, 1950, as amended, § 8.01-6 for the purpose of correcting a misnomer.

    Plaintiff filed this action against Mr. P. C. Nowlin, III, and one day later, on June 2, 1987, Mr. Nowlin was personally served with process. The material facts alleged by plaintiff were that he was injured on December 20, 1983, as a proximate result of Mr. Nowlin's negligent operation of a motor vehicle in which plaintiff was a passenger.

    On June 18, 1987, Mr. Nowlin, by counsel, responded by mailing for filing grounds of defense which pointedly and specifically denied that plaintiff was a passenger in a vehicle operated by Mr. Nowlin on December 20, 1983, and which denied with equal specificity that Mr. Nowlin operated a motor vehicle causing the accident alleged. Thereafter, Mr. Nowlin filed an affidavit pursuant to Code of Virginia, 1950, as amended, § 8.01-279(B), directly putting in issue the fact that at the time of the accident, he neither operated, drove, or controlled the automobile alleged to have been the instrumentality causing plaintiff's injury.

    At the same time as Mr. Nowlin's affidavit was filed, he filed by counsel, requests for plaintiff to admit Mr. Nowlin's non-negligence and non-operation of a motor vehicle at the time and place of the alleged incident. In reply,

plaintiff asserted that the name P. C. Nowlin, III, on the motion for judgment was a "misnomer."

Subsequently, plaintiff filed a motion to amend the pleadings "pursuant to [Code] Section 8.01-6 . . . for the express purpose of correcting a misnomer."

"A misnomer means nothing more than a party is styled in other than his correct name." 14A M.J., *Parties* § 19.

> Under modern practice, if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed, and many statutes and rules specifically provide for the cure of misnomer by amendment. Thus, the statutes and rules in many jurisdictions provide that where the proper party is before the court, although there under a wrong name, and, if the plaintiff, he or she is the party having the cause of action, and, if the defendant, he or she is the party the plaintiff intended to sue and did sue, and the court considers such defendant within its jurisdiction, an amendment of process and pleading will be allowed to change or correct the name of either plaintiff or defendant to cure the misnomer . . . .
>
> However, an amendment changing a name or correcting a misnomer is something distinct although often difficult to distinguish from an amendment which seeks to substitute one party for another, which in some jurisdictions and under certain circumstances may be impermissible, as where the statute of limitations has run at the time a substitution of parties is attempted. Thus, it is declared that ordinarily an amendment of process and pleadings may be allowed to correct a misnomer or mistake in the name of a party where the amendment does not amount to a substitution or an entire change of parties.

59 Am. Jur. 2d, *Parties*, § 255.

Even in theory, the distinction between an amendment changing or correcting such mistakes in the name of the parties and an amendment aiming at the substitution of parties plaintiff or defendant is not free from difficulty, but in actual practice, the line between the two types of amendments can hardly be drawn accurately. Hence, it is not surprising to find that some courts have described as the correction of a clerical mistake or misnomer that which is regarded by other courts as a substitution of parties.

8 A.L.R. 2d 16.

The case of *Jacobson v. Southern Biscuit Co.*, 198 Va. 813 (1957), appears to be in accord with the aforesaid general principles and reflects the common law in Virginia on this subject. There the Court stated:

Under the modern view, the propriety of such substitution "is not determined merely by whether there has been a complete change of parties but is determined by whether that change has the effect of introducing an entirely new cause of action. Where such substitution will introduce a new cause of action into the case, it cannot be allowed, while if it will not introduce a new cause of action, it may be permitted." 39 Am. Jur., Parties § 98 at 967. ". . .[T]he discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits." *Klopstock v. Superior Court*, 17 Cal. 2d 13, 22, 108 P.2d 906, 911, 135 A.L.R. 318, 324. And see Anno., 135 A.L.R. 325.

Where the substituted party bears some relation of interest to the original party and to the suit, and there is no change in the cause of action, a substitution may be allowed. *Cox v. Bender*, Texas Civ. App., 84 S.W.2d 297, 299. *Moherman v. Nickels*, 140 Ohio St. 450, 45 N.E.2d 405, 143 A.L.R. 1174, 1179; 67 C.J.S., *Parties*, § 85, p. 1075.

> If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated.

*Id.*, at 816.

Here the right party, James H. Nowlin, is not before the Court. The defendant who is before the Court, P. C. Nowlin, III, is not the party that the plaintiff intended to sue. Even though James H. Nowlin is the son of P. C. Nowlin, III, a member of his household and may think he has been sued and may have actual knowledge of the suit, he has never been served with process and is not before the Court.

Even though James H. Nowlin is the son of P. C. Nowlin, III, he bears no "relation of interest" to him as relates to his cause of action, and to allow a substitution would introduce an entirely new cause of action. The concept of "relationship of interest" as cited in *Jacobson* means more than "bearing the same surname and resident address" as suggested by the plaintiff. The concept means some sort of privity of interest to the original party and the suit. For example, in the case of *Moherman v. Nickels*, 140 Ohio St. 450, 45 N.E.2d 405, cited in *Jacobson*, the facts were:

> The plaintiff sought to recover damages for alleged injuries which he received as a result of a collision between his automobile and a truck operated by the defendant, Harry Donley. On March 12, 1941, three days before the statute of limitations would have barred his claim, the plaintiff filed his petition in the common pleas court of Ashland county against Alfred Nickels, doing business as Nickels Bakery, for whom a summons was issued to and served by the sheriff of Stark County, and against Harry Donley for whom a summons was issued to and served by the sheriff of Richland County.
>
> The plaintiff knew that the defendant, Harry Donley, was the sole operator of the truck

at the time of the accident but made Alfred Nickels, doing business as Nickels Bakery, a party defendant on the assumption that Donley was operating the truck as an employee of Nickels and within the scope of his employment at the time of the accident . . . . The cause came for trial on November 18, 1941. After the opening statements of counsel to the jury were made, counsel for the defendants, in the absence of the jury . . . dismissed from the case as a party defendant Harry Donley . . . and amended the petition by charging that "the defendant by his driver Harry Donley . . . negligently and carelessly operated said truck to his left of the center of said road, and into and against the automobile which plaintiff was driving."

*Moherman* at 1176.

The plaintiff then made his proof. The defendant's evidence showed that the truck operated by Harry Donley at the time of the accident was owned by and operated for the Alfred Nickels Bakery, Inc. Counsel for the defendant then moved the judgment for the defendant. Before the Court passed on this judgment, counsel for the plaintiff moved to withdraw a juror and for mistrial on the case and to reinstate Harry Donley as a defendant. Both of the plaintiff's Motions were sustained, and the defendant's Motion to Dismiss Alfred Nickels was also sustained. The issue on appeal was whether the Court erred in reinstating the defendant, Harry Donley. The Court cited at 1179 that:

at common law, a substitution of parties which would affect the cause of action was not allowed. But, where there is no change in the cause of action and the parties substituted bear some relation of interest to the original parties and to the suit, substitution may be allowed.

*Id.*

The Court allowed the amended petition stating:

No material change in the cause of action set out in the original petition to defendant against which the defendant Donley was summoned was made by the amended petition. He is the identical defendant brought into the case before the statute of limitations had run.

*Id.*

Likewise, in *Baldwin v. Norton Hotel*, 163 Va. 76, 175 S.E. 751 (1934), also cited as authority in *Jacobson*, there was an application of these principles. There:

[a]lthough importance was there attached to a plea of the general issue, signed by "Hotel Norton, Incorporated," the action was against "Norton Hotel, Incorporated." There was no corporation by either of those names, but Norton Realty Corporation owned and operated the hotel, locally known as Hotel Norton, in which the accident occurred for which the suit was brought. The plaintiff moved to amend by changing the name of the defendant to Norton Realty Corporation, but the trial court denied his motion and dismissed his action.

*Jacobson*, at 817.

The Supreme Court reversed pointing out that:

"Whatever name it used, or by which it was known, the real defendant was the owner and operator of the Norton Hotel" where the accident occurred; and that while the plaintiff has used the wrong name in describing the defendant, it was a name by which the defendant was known to the public, and when process was served, the real defendant knew it was the party against whom the action was instituted.

*Id.*

Similarly, in *Jacobson*:

The action was by a motion for judgment against "Southern Biscuit Company, Incorporated, a

Virginia corporation, Terminal Place, Richmond, Virginia." It asserted the plaintiffs' right to have judgment for $3,447.90 for the rental of vehicles which the plaintiffs had furnished to the defendant at the defendant's request for its use in and about Haverford, Pennsylvania, and Medford, New Jersey, for the period shown on an account annexed to the motion as Exhibit A. The account was against "Southern Biscuit Co. Box 2 T Richmond 4, Virginia ATTN: Mr. Cole," and covered the period for the week ending December 20, 1952, through the week ending February 21, 1953.

This motion was filed on December 13, 1955. It was executed on the same day by delivering a copy thereof to A. B. Childress, "Asst. Sectry. Southern Biscuit Co., Inc."

On December 15, 1955, two days later, the court entered an order allowing the plaintiffs' motion for judgment to be amended "To correct as follows the name and address of the defendant" to "Weston Biscuit Company, Inc., a Delaware corporation, doing business in the State of Virginia under the name of Southern Biscuit Company whose statutory agent is the Secretary of the Commonwealth of Virginia" . . . .

*Id.* at 814.

Defendant moved to quash process of both the original and amended motion for judgment because:

Southern Biscuit Company, Inc., had been dissolved on December 30, 1950, and all of its assets transferred to Weston Biscuit Company, Inc., a Delaware corporation which had been domesticated in Virginia on January 2, 1951, had appointed the Secretary of the Commonwealth as its statutory agent, and had filed in the clerk's office of the chancery Court of the City of Richmond a certificate that it proposed to do business in Virginia under the name "Southern Biscuit Company."

*Id.*, at 815.

The trial court sustained the Motion to Quash. *Id.*, at 816. The Supreme Court reversed stating:

> The amendment which the court allowed and then struck out worked no change in the cause of action sued on, the party which it substituted bore a real relation of interest to the original party and to the suit, and nobody was misled or prejudiced by the mistake. It was proper, we think, to allow the amendment in the first place and error to strike out the amended motion and dismiss the suit.

*Id.*, at 818.

Clearly, the "relationship of interest" illustrated by the aforesaid examples are easily distinguishable from the facts illustrated by the case at bar.

"A misnomer is a mistake in name, but not person. Here the wrong person was named, and it cannot be corrected under § 8-98 [now § 8.01-6] by labelling it a misnomer." *Rockwell v. Allman, Admr.*, 211 Va. 560 (1971). The motion to amend should be and is overruled.