# CIRCUIT COURT OF THE CITY OF RICHMOND

J. A. Peregoy Roofing
and Construction Co.

v.

William Reid Deaton
and John Broaddus Deaton

August 25, 2009

Case No. CL07-2145

BY JUDGE MELVIN R. HUGHES, JR.

At the beginning of the trial of this case to the court, plaintiff moved to amend the pleadings to include its corporate name with its fictitious name. This was met with defendants' objection as too late. Defendants contended that plaintiff, as a corporation, can only sue in its corporate name. Continuing, defendants argued that, as the case has been pending since 2005 under the plaintiff's wrong name and the events complained of occurred in 2001, the case is now time barred by the applicable statute of limitations.

The court agrees with defendants' assertion that a corporation must sue in its corporate name, see Va. Code § 13.1-627, even though the fictitious name statute, Va. Code § 59.1- 69, allows a corporation to transact business under an assumed name. This leaves the question whether a corporation with a properly recorded fictitious name, as here, can file a lawsuit under that name and toll the statute of limitations. The court concludes, as plaintiff contends, that this is an instance of misnomer under the statute, Va. Code § 8.01-6. The cases say that a misnomer is a mistake in name, not person, and that, in such cases, by the terms of the statute, upon amendment, the action relates back tolling the statute of limitations. See *Jacobson v. Southern Biscuit Co.*, 198 Va. 813 (1957). So, the court will reject defendants' defense of the statute of limitations and allow the amendment.

Turning now to the merits, Plaintiff's claim is for work done installing a roof in late 2001. Plaintiff's evidence consisted of testimony describing the roof installation. This involved torching the roofing material with a hand held burner for adhesion. After completion of roof installation and before painting, a fire occurred at the premises. There is a dispute in the evidence over when the installation was done before the fire erupted. Two expert witnesses testifying on behalf of the defendant attributed the fire to the roof installation process. In other words, by their account, the torching process allowed heat to smolder producing the fire resulting in approximately $140,000.00 in damages to the premises. Defendants claim the resulting fire damage was caused by the actions of the plaintiff which is an "off set" to its claim to recover $11,000.00 for the roof installation sued upon.

In their Grounds of Defense, paragraph 9, defendants allege plaintiff negligently started the fire resulting in damages in excess of $145,000.00. As noted, defendants allege this is an "off set" to plaintiff's claim. The Court finds that the weight of the evidence is in defendants' favor on the "off set." The two defense expert witnesses were clear in pointing to plaintiff's work as the origin of the fire. Both testified that it was clear from examination that the fire originated in the closed attic space just below the roof and above the ceiling and descended downward into the building and that it was linked to the roof installation process. Defendants' assertion of "off set" is not a claim for affirmative relief but a set off under Va. Code § 8.01-422 by an equitable defense the statute authorizes.

Accordingly, the court will enter judgment for defendants.