**Esther G. FRANKLIN, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY,
Defendant.**

Civ. A. No. 81–1633.

United States District Court,
District of Columbia.

Oct. 8, 1981.

**522**

Patrick M. Regan, Koonz McKenney & Johnson, Washington, D. C., for plaintiff.

Stephen A. Trimble, Richard W. Turner, James B. Sarsfield, Patrick Kavanaugh, Hamilton & Hamilton, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

This is an action for negligence under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Before the Court is defendant's motion to dismiss the case on the basis of *forum non conveniens,* or, in the alterna-

tive, to transfer it to the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth in this Memorandum Opinion, the Court finds that while dismissal on the *forum non conveniens* ground is not warranted, this case should be and is, by the Order accompanying this Memorandum Opinion, transferred to said court as asked by defendant.

By way of background, plaintiff alleges that her injuries which are the subject of this action were sustained while on her job at defendant's Alexandria, Virginia diesel shop facility. Plaintiff alleges that she suffered her injuries while, in the course of her employment duties, she was lifting a sand hose at defendant's facility. At the time plaintiff filed her complaint, she gave a Maryland address as her address, but now apparently lives in Florida. Defendant maintains offices in the District of Columbia, but states, by affidavit of its claim agent Chester A. McIntosh, that it does not operate railroad trains into the District of Columbia. Defendant, in that same affidavit, presents a list of eight witnesses, which it stated were all the possible witnesses in the case, of which all have Alexandria addresses but plaintiff, for whom a Maryland address is given. Plaintiff submits that most of her witnesses reside in the District of Columbia but does not identify these witnesses or their addresses, nor specify how many reside in this district. In sum, while some witnesses may reside in the District of Columbia, the events surrounding the accident which is at the heart of this matter have no contact whatsoever with this jurisdiction.

### FORUM NON CONVENIENS

■ Under the doctrine of *forum non conveniens,* a court may dismiss an action because the chosen forum, while a proper venue, is inconvenient. 15 Wright, Miller and Cooper, *Fed. Prac. and Proc.,* Jurisdiction § 3828 (1976). Defendant asserts that dismissal on *forum non conveniens* grounds is appropriate because the accident creating the cause of action occurred in Alexandria,

Virginia and all but one of defendant's eight witnesses reside in Virginia. Defendant argues further that this case "has no relationship whatsoever" to the District of Columbia, other than defendant's amenability to service of process here. (Deft.'s Mem. of Pt. and Auths. 2).

■ It is clear that dismissal for *forum non conveniens* is unwarranted here. Assuming that a court located in the Alexandria area would provide a more convenient forum than the District of Columbia, it is unnecessary to take the drastic step of dismissing the case to cause the case to be moved to such a forum. Instead, there is an alternative federal forum to which the case may be transferred under 28 U.S.C. § 1404(a): here, the U.S. District Court for the Eastern District of Virginia, Alexandria Division. It is clear that transfer is preferable to dismissal for *forum non conveniens* because it would afford defendant the Alexandria location it seeks without requiring plaintiff to commence a new action in a state court. The cases cited by defendant in favor of granting dismissal for *forum non conveniens* involve situations where cases brought in the local District of Columbia courts were dismissed because courts in the Maryland suburbs of Washington were found more convenient. However, these cases involved dismissals from the District of Columbia Superior Court which, not being a federal district court, lacked the power to transfer cases to courts outside the District of Columbia, and had no alternative but to dismiss. As such, these cases are irrelevant to the issue here.

## TRANSFER UNDER 28 U.S.C. § 1404(a)

■ The change of venue provision, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice" an action may be transferred to any other district or division "where it might have been brought."

It is clear that the threshold requirement, that of whether the action "might have been brought" in the district to which transfer is sought, is met. The venue provision of the Federal Employees Liability Act,

45 U.S.C. § 56, provides that an action under the Act may be brought, *inter alia*, in the district in which the cause of action arose, which, it is not disputed, is the Eastern District of Virginia. As such, it rests in the broad discretion of the Court that should the convenience of the parties and witnesses or justice require, the action may be transferred to said district. *See generally, Securities and Exchange Commission v. Savoy Industries*, 190 U.S.App.D.C. 252, 587 F.2d 1149, 1154 (1978) *cert. denied* 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 492 (1979). Against these concerns is balanced the plaintiff's interest in selecting the forum, which has been given from minimal to great weight by various courts, depending upon the circumstances of each plaintiff's choice. *See* 15 Wright, Miller & Cooper, *supra*, Jurisdiction § 3848. These issues will be discussed *seriatum*.

### 1. *Convenience of the Parties and Witnesses*

It is evident that convenience of the parties and witnesses would be served by a transfer to the Alexandria court, and that little or no inconvenience would result. As far as concerns the parties, as defendant's place of business which is the focus of this matter is located in Alexandria, transfer to the District Court there would result in greater convenience to defendant, and no increased inconvenience to plaintiff inasmuch as she now resides in Florida. With respect to the witnesses, as noted above, seven of the eight witnesses of whom defendant was advised have Alexandria addresses. Plaintiff has alleged that most of its witnesses are located in the District of Columbia, however, as noted above, she has not specified how many of such witnesses these are. As such, to hear the case in Alexandria does appear to be more convenient to the parties and witnesses than it would be to hear it in this Court.

### 2. *Interests of Justice*

Certainly, the interests of justice are served by transferring this case to the Alexandria forum. This case has no contact

with the District of Columbia. All of the events of import occurred in Alexandria, Virginia. Although this is an FELA action, Virginia law will determine the definition of causation and the availability of certain defenses. *Crane v. Cedar Rapids & I.C.R. Co.*, 395 U.S. 164, 167, 89 S.Ct. 1706, 1708, 23 L.Ed.2d 176 (1969). Moreover, it would be much easier for the jury to view the scene of the accident were the case tried in Alexandria. Admittedly, jury view excursions are relatively rare. However, there exists the possibility that the workings of the sand hose that allegedly caused the injury and the attendant machinery might be so technical as to defy sufficient oral or written description. Consequently, a jury view might be essential toward providing the jurors with an adequate understanding of the circumstances surrounding the alleged accident. There is no question that the Alexandria forum's proximity would render a jury view more facile and impose a much lesser burden on the progression of the trial than were the trial held in the District of Columbia.

### 3. *Plaintiff's Choice of Forum*

While the plaintiff choice of forum has been called a "substantial" right (*see Konovsky v. Baltimore and O.R. Co.*, 185 F.Supp. 325, 327 (W.D.Pa.1960), quoting *Boyd v. Grand T.W.R. Co.*, 338 U.S. 263, 266, 70 S.Ct. 26, 27, 94 L.Ed. 55 (1949)), it is abundantly clear where the action has little contact with the chosen forum the plaintiff's right to select becomes much less important. *Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.*, 344 F.Supp. 1267, 1271–72 (S.D.N.Y.1972). Moreover,

> While plaintiffs' choice of forum is entitled to some consideration, it is not determinative in view of the overall balance of convenience to the parties, especially when the forum chosen is only the statutory home state of the defendant.

*Quandt v. Beech Aircraft Corp.*, 317 F.Supp. 1009 (D.Del.1970). Indeed, as the matter here is so inextricably linked to the state of Virginia, plaintiff's choice of forum cannot be given anything like the same considera-

tion given in cases where the chosen forum has a true connection with the matter. Plaintiff cites in support of its opposition to transfer the case of *NAACP v. Levi*, 418 F.Supp. 1109 (D.D.C.1976), in which the court noted that the plaintiffs there had "made what is presumed to be a considered and deliberate choice of forums" which was "entitled to serious consideration and should not be disturbed absent a strong showing that their forum is completely inappropriate and inconvenient...." 418 F.Supp. at 1113–14. That case, however, is distinguishable from the case at bar. In that case, unlike the case here, there *was* a basis for presuming the plaintiffs' choice of forum "considered and deliberate." The case was an action to compel the Department of Justice to reopen an investigation of an alleged deprivation of civil rights in a case involving the shooting death of a citizen while in the custody of Arkansas police. The defendants' motion to transfer under § 1404(a) on convenience grounds was rejected as the court noted that the litigation was focused on the actions and decisions of a federal agency located in Washington, D.C., where the final decision to close the investigation was made. *Id.* at 1113. There is no similar nexus between this district and the events concerned in the instant case, and therefore, plaintiff's choice of forum interest cannot carry the same weight.

For the reasons set forth above, it is clear that for the convenience of the parties and witnesses and in the interest of justice, this case must be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division.