**INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES UNION and Industrial Pension Fund, et al., Plaintiffs,**

v.

**BEST PAINTING AND SANDBLAST-ING COMPANY, INC., et al., Defendants.**

**Civ. A. No. 85–2124.**

United States District Court, District of Columbia.

Oct. 11, 1985.

David J. Cohen, Barr & Peer, Washington, D.C., for plaintiffs.

Wade J. Gallagher, Martel Donnelly, Grimaldi & Gallagher, Washington, D.C., Richard Alexander, Mobile, Ala., for defendants.

## ORDER DENYING MOTION TO DISMISS OR TO TRANSFER

BARRINGTON D. PARKER, District Judge.

This action was initiated by plaintiffs International Brotherhood of Painters and Allied Trades Union and Industrial Pension Fund and its Trustees ("Pension Fund"), pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145 (1982), and section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 (1982). Plaintiffs seek to collect pension contributions allegedly owed by defendant Best Painting and Sandblasting Company, Inc. ("Best"), a private employer located in Mobile, Alabama. Named as defendants in addition to Best are its president, Harold C. Dalton, and the Insurance Company of North America, surety for a wage and fringe benefits bond provided by Best pursuant to its collective bargaining agreements with the International Union. Defendants have asked the Court to dismiss the case because a declaratory judgment action posing similar issues is already pending in the United States District Court for the Southern District of Alabama.[1] In the alternative, defendants request that this case be transferred to the Southern District of Alabama, where the earlier suit is being heard. For the reasons set forth below, the defendants' motion is denied.

## DISCUSSION

■ The plain language of ERISA authorizes the plaintiff Pension Fund, the offices of which are in Washington, D.C., to bring suit to collect delinquent contributions in this district: "[A]n action under this title ... may be brought in the district where the plan is administered...." 29 U.S.C. § 1132(e)(2) (1982). Since venue is proper, this case will not be dismissed. *See* 28 U.S.C. 1406(a) (1982).

■ Defendants' alternative motion to transfer pursuant to 28 U.S.C. § 1404(a) causes the Court more concern. The burden of establishing that a case should be transferred is on the movant. *See Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.,* 436 F.2d 1180, 1188 (7th Cir.1971), *cert. dismissed,* 403 U.S. 942, 91 S.Ct. 2270, 29 L.Ed.2d 722 (1971). The plaintiff's choice of forum is due substantial deference and, unless the balance of convenience is strongly in favor of the defendants, should rarely be disturbed. *Gross v. Owen,* 221 F.2d 94, 95 (D.C.Cir.1955); *Aiken v. Lustine Chevrolet, Inc.,* 392 F.Supp. 883, 887 (D.D.C.1975). Since Congress has enacted a special venue provision to allow multi-employer pension plans to more efficiently collect delinquent contributions, the burden on the defendants in this case is especially heavy.

Defendants claim that holding trial in the Alabama district court will be more convenient for the witnesses that they intend to call. An affidavit by defendants' counsel alleges that the testimony of these witnesses will be necessary to show that the local Unions breached their collective bargaining agreements with Best. Such a defense, however, is irrelevant to this suit by the Pension Fund. Federal labor policy dictates that defenses available against a union are generally not available against third-party beneficiaries of collective bargaining agreements such as pension funds. *See Lewis v. Benedict Coal Corp.,* 361 U.S. 459, 471, 80 S.Ct. 489, 496, 4 L.Ed.2d 442 (1960); *Southern California Retail Clerks Union v. Bjorklund,* 728 F.2d 1262, 1265–66 (9th Cir.1984); *Chicago District Council of Carpenters Pension Fund v. Dombrowski,* 545 F.Supp. 325, 326–27 (N.D.Ill. 1982); *cf. Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982) (where the very act of making contributions would be unlawful, defense can be raised). Since the contract defense, at least as outlined in counsel's affidavit, is unavailable to Best, this proceeding may

1. *Best Painting and Sandblasting Company, Inc. v. International Brotherhood of Painters and Allied Trades Union,* No. 85–0874–C (D.D.Ala.).

well be amenable to disposition by summary judgment. In that case, it will be unnecessary for defendants to call any witnesses.[2]

In addition, if this case does go to trial, plaintiffs as well as defendants will call witnesses. The Pension Fund is administered in the District of Columbia, so all of its records, including those that pertain to this case, are located here. Thus, the witnesses that will testify to the issues central to the case are found in this district. *Combs v. Pembro Fuel, Inc.*, 4 E.B.C. 2610, 2612 (D.D.C.1983).

Defendants' motion is similar to those made and rejected in other cases in this district. *See, e.g., Combs v. Adkins & Adkins Coal Co., Inc.*, 597 F.Supp. 122 (D.D.C.1984); *Combs v. Pembro Fuel, Inc.*, 4 E.B.C. 2610, 2612; *Konyha v. Isco, Inc.*, 3 E.B.C. 1768 (D.D.C.1981). Only the pendency of defendants' declaratory judgment action in Alabama makes this case any different. Defendants characterize plaintiffs' bringing suit here when that action was already pending as "unwarranted harassment" intended to "make the expense of defending this action to [sic] costly and hence, bring pressure to bear upon Best to pay the monies demanded." That the action is intended to pressure Best into paying the money it allegedly owes is undeniable. But given Congress' express decision to permit such actions to be brought in this district, the Court cannot agree that plaintiffs by filing suit here have engaged in anything other than forcefully and legitimately pursuing their interests. This Court will not permit the defendants' tactical maneuver to prevent the Pension Fund from exercising in the jurisdiction of its choice the rights

that Congress has specifically bestowed upon it.[3]

Accordingly, it is this 10th day of October, 1985,

**ORDERED**

That defendants' motion to dismiss or, in the alternative, transfer this case to the United States District Court for the Southern District of Alabama is denied.

That the defendants shall file an answer to the complaint in this proceeding by October 21, 1985. A status call will be held on October 25, 1985 at 11:00 a.m.

---

2. In *Central States Southeast and Southwest Area Pension Fund v. Brown*, 587 F.Supp. 1067 (N.D.Ill.1984), cited by the defendants as authority for the transfer of an ERISA action because of the location of witnesses, the defendant employer denied that it was party to the collective bargaining agreement. This was a valid and substantial defense, in contrast to the defense proposed by Best in this case. The persuasive power of the decision in *Central States* for this case is therefore slight.

3. The Court has been advised in a pleading filed by the Pension Fund on October 7, 1985 that the United States District Court for the Southern District of Alabama has stayed any ruling on venue in Best's declaratory judgment action until this Court rules on the present motion. The stay, entered at the request of Best, in effect allows this Court to determine the proper venue in both cases.