Patrick CAMPBELL, et al., Plaintiffs,

v.

CONSOLIDATED BUILDING
SPECIALTIES, et al.,
Defendants.

Civ. A. No. 87–1516.

United States District Court,
District of Columbia.

Oct. 30, 1987.

---

David R. Levin, Washington, D.C., for plaintiffs.

James F. Bullock, Tulsa, Okl., for defendants.

### MEMORANDUM

JOHN GARRETT PENN, District Judge.

Plaintiffs here are four trustees of the Carpenters Labor–Management Pension Fund ("pension fund"), and the pension fund. They brought this action to collect contributions to the multiemployer pension fund pursuant to sections 502(a)(3), 502(g)(2), and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145. Plaintiffs have also alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968. The case is now before the Court on defendant Robert Williams' motion to transfer the case to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). After carefully considering the motion, the opposition to it, and the record in this case, the Court concludes that the case should be transferred.

■■■ Title 28 U.S.C. § 1404(a) provides that:

> For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In considering a motion to transfer pursuant to § 1404(a), the plaintiffs' choice of forum is due substantial deference and, unless the balance of convenience is strongly in favor of the defendants, it should rarely be disturbed. *International Brotherhood of Painters v. Best Painting*, 621 F.Supp. 906, 907 (D.D.C.1985).[1] Furthermore, since Congress has enacted a special venue provision to allow multiemployer pension plans to more efficiently collect delinquent contributions, the burden on a defendant seeking to transfer an ERISA case is especially heavy. *Id.*

■■■ Defendant Williams argues that this case should be transferred for his convenience because he cannot afford to defend the action in this district, and because most of the witnesses whom he expects to call reside in Oklahoma. Williams represents that the corporate defendant is defunct and

1. The court in *Best Painting* determined that transferring that ERISA action was not in the interests of justice. 621 F.Supp. at 908.

is not expected to defend this action.[2] He also maintains that he has a meritorious defense, as he states that he had no involvement in the matters out of which this arose.

Plaintiffs contend that Williams has not met the burden required to show that transferring this action is in the interests of justice. They emphasize that their choice of forum is entitled to great weight, particularly in an ERISA action. They also argue that there is no question as to Williams' liability in this case, and that therefore, he cannot show that his witnesses' testimony will be material.

While the Court does give great weight to the plaintiffs' choice of this forum, it concludes nonetheless that the interests of justice strongly favor the transfer of this case to Oklahoma. First of all, although the pension fund was established in the District of Columbia, the corporation responsible for its day-to day administration is not located there. Plaintiffs' Memorandum, filed October 2, 1987, at 8.[3] The trustees of the pension fund, who have the overall responsibility for its administration, have offices in both the District of Columbia and Oklahoma, as well as in Michigan and Ohio. Thus, it appears that plaintiffs will not be greatly inconvenienced by the transfer of the case to Oklahoma, for they have an office there, and the daily administration of the pension fund does not take place in this district.

Furthermore, Williams has shown that he will be genuinely inconvenienced if this action continues in this district. Obviously, he will incur much greater costs defending a case in the District of Columbia as opposed to Oklahoma. More importantly, he has shown that several of the witnesses whom he intends to call are located in Oklahoma, including the accountants who audited the defendant corporation on behalf of the pension fund. Affidavit of Robert Williams, filed September 21, 1987, at 4 p. 6. It appears that these witnesses' testimony will be material to the issue of

whether Williams was an employer for the purposes of 29 U.S.C. §§ 1002(5) and 1145.

In view of the above, the Court concludes that this case should be transferred to the United States District Court for the Western District of Oklahoma, where plaintiff Jack Henson, who is suing as a trustee of the pension fund, is located. This venue will best serve the convenience of the parties and witnesses, and the interests of justice. An appropriate order will be issued together with this memorandum.

### ORDER

After carefully considering defendant Williams' motion to transfer, the opposition to that motion, and the record in this case, and for the reasons stated in an accompanying memorandum, the Court concludes that this case should be transferred to the Western District of Oklahoma.

In view of the above, it is hereby

ORDERED that this case is transferred to the Western District of Oklahoma.

---

**2.** The Court assumes that Williams has a basis for making this representation.

**3.** Nor is the corporation located in Oklahoma. Plaintiffs do not indicate where it is located.