**Willis C. KING, Plaintiff,**

v.

**NAVISTAR INTERNATIONAL TRANSPORTATION CORP., et al., Defendants.**

**Civ. A. No. 88–1436.**

United States District Court, District of Columbia.

April 13, 1989.

Arnold D. Bruckner, Bruckner & Bruckner, P.A., Riverdale, Md., for plaintiff.

Frederick Harrison Collins, Carr, Goodson, Lee & Foret, P.C., Washington, D.C., James T. Wharton, Edward S. Digges Jr., Digges, Wharton & Levin, Annapolis, Md., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

This suit arises out of injuries plaintiff sustained when his fingers allegedly got caught between the tailgate and the truckbed of a dump truck that plaintiff was using in the course of his employment at the Arlington National Cemetery in Arlington, Virginia. The accident causing plaintiff's injuries occurred on or about May 29, 1985. Plaintiff is suing both the manufacturer of the truck and the maker of the truck bed based on several tort causes of action.

Now before the Court is defendants' joint motion to transfer this suit to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). Upon consideration of the motion, the supporting and opposing legal memoranda, oral arguments by counsel, and the underlying law, the Court will grant defendants' motion to transfer.

The provision that governs the change of venue, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1]

■ The Court finds that the convenience of the parties and witnesses should not be disturbed by the transfer to this suit to the Eastern District of Virginia because of the close proximity of the Eastern District of Virginia to the District of Columbia. The Court also finds that the interests of justice support the transfer of this suit to the Eastern District of Virginia because this suit is "so inextricably linked to the state of Virginia." *Franklin v. Southern Ry. Co.,* 523 F.Supp. 521, 524 (D.D.C.1981). Plaintiff was employed by the Department of Navy at the Arlington National Cemetery in Arlington, Virginia; the accident occurred during the course of plaintiff's employment in Virginia; and the sale of the truck by which plaintiff was allegedly injured occurred in Virginia. Moreover, the substantive laws of the Commonwealth of Virginia must be applied to this suit. *See Nepera Chemical, Inc. v. Sea–Land Service,* 794 F.2d 688, 695 (D.C.Cir.1986) (explaining that District of Columbia courts apply the law of the jurisdiction that bears "the most significant relationship to the tortious occurrence and the litigants").[2]

1. In a suit based on diversity, as is this one, venue is proper in a judicial district where all plaintiffs reside, where all defendants reside, or where the cause of action arose. 28 U.S.C. § 1391.

2. This suit only bears a relationship to the District of Columbia by virtue of the fact that plaintiff is a resident of the District of Columbia. *See Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955) (holding district

judge did not abuse his discretion by transferring suit filed by a Philadelphia resident from Pennsylvania to South Carolina, where plaintiff received the injuries that were the subject of the suit); *see also* 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3849 (1986) (explaining that although the traditional doctrine of forum non conveniens placed "great stress" on the residence of the

In deciding to transfer this suit to the Eastern District of Virginia, the Court is not unmindful that plaintiff's choice of forum is entitled to "substantial deference." *See International Brotherhood of Painters and Allied Trades Union v. Best Painting and Sandblasting Co.,* 621 F.Supp. 906, 907 (D.D.C.1985). However, "as the matter here is so inextricably linked to the state of Virginia, plaintiff's choice of forum cannot be given anything like the same consideration given in cases where the chosen forum has a true connection with the matter." *Franklin v. Southern Ry. Co.,* 523 F.Supp. at 524; *see also Cook v. International Harvester Co.,* 610 F.Supp. 271 (E.D.Wis.1985) (transferring products liability suit from federal court in Wisconsin to Indiana where injury occurred and vehicle allegedly causing injury was manufactured even though plaintiffs and some of witnesses resided in Wisconsin).

 Finally, plaintiff has expressed concern that the transfer of this suit to the Eastern District of Virginia would have the effect of causing his action to be time-barred because Virginia has a shorter statute of limitations than the District of Columbia for tort actions, and plaintiff did not file this suit prior to the running of the Virginia statute of limitations. Plaintiff's concerns should be laid to rest; the District of Columbia statute of limitations will govern this action regardless of whether it is tried here in the District of Columbia or in Virginia. This is because a transferee court is obliged to apply the same law that the transferor court would have applied. *See, e.g., Goad v. Celotex Corp.,* 831 F.2d 508, 510 (4th Cir.1987) (holding that a district court in Virginia was obliged to apply Texas statute of limitations to suit transferred from Texas because Texas state courts would have applied Texas statute of limitations to this action), *cert. denied,* — U.S. —, 108 S.Ct. 2871, 101 L.Ed.2d 906 (1988). Since this Court would have applied the District of Columbia three-year

statute of limitations to this action rather than the Virginia two-year statute of limitations,[3] the United States District Court for the Eastern District of Virginia is obligated to do the same.

Accordingly, it is, by the Court, this 13th day of April, 1989,

ORDERED that defendants' motion to transfer the above-entitled suit to the United States District Court for the Eastern District of Virginia shall be, and hereby is, granted.

---

parties, courts applying § 1404(a) "have laid much less emphasis on this factor").

**3.** *See Banks v. Chesapeake and Potomac Telephone Co.,* 802 F.2d 1416, 1419 n. 7 (D.C.Cir.

1986) (explaining that "District of Columbia's choice of law rule dictates that the District of Columbia statute of limitations applies to suits brought in this jurisdiction").