Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Koontz, JJ., and Poff, Senior Justice

TINA MARIE LAKE

                                      OPINION BY JUSTICE LAWRENCE L. KOONTZ,
v. Record No. 961088                     FEBRUARY 28, 1997

NORTHERN VIRGINIA WOMEN'S MEDICAL
 CENTER, INC., ET AL.

               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        David T. Stitt, Judge

     In this appeal, we consider whether a plaintiff should be permitted to amend a motion for judgment at the threshold of trial to substitute the proper corporate defendant where the error in the original pleading was known to the defendants and actions taken by them misled the plaintiff as to the identity of the proper corporate defendant.

     The material facts are not in dispute and primarily involve the various pleadings filed in this procedurally protracted medical malpractice case. For clarity, however, we will first recite those facts in the record which were ultimately disclosed by the defendants and which explain the identities and relationship of the parties.

     Northern Virginia Women's Medical Center, Inc. (the Medical Center) operated a medical clinic in Fairfax at which legal abortions were performed. Wayne C. Codding, an accountant, and Dr. Thomas H. Gresinger are the sole stockholders of another legal entity which owns the Medical Center. The abortion involved in this case did not take place at the Medical Center clinic nor was the procedure performed by employees of the Medical Center.

Codding and Gresinger are also the sole shareholders of Fairfax Square Medical Associates, Inc. (Fairfax Square) which operated another medical clinic in Fairfax where the abortion involved in this case was performed. In 1988, Mark A. Barondess, in his capacity as assistant secretary of Fairfax Square, filed a declaration of fictitious name in the land records of Fairfax County to permit Fairfax Square to operate its clinic under the name "NOVA Women's Medical Center." Barondess is counsel for the defendants in the present litigation.

In short, Northern Virginia Women's Medical Center, Inc., and NOVA Women's Medical Center are separate entities. Each operated an abortion clinic in Fairfax and both were controlled by the same individuals.

We now turn to the procedural background of the case reflected by the pleadings. In November 1992, Tina Marie Lake filed a motion for judgment for medical malpractice in the Circuit Court of Warren County against Joel W. Match, M.D.,[1] the Medical Center, Gresinger, and Codding. Upon motion of the defendants, a change of venue to the Circuit Court of Fairfax County was granted, and an amended motion for judgment was filed in that court on February 11, 1993. Lake alleged that she had suffered permanent physical injury during an abortion performed in April 1991, in the course of which her uterus and an artery were lacerated. Lake further alleged that Match performed the abortion, and that Gresinger and Codding were the owners of the

_____

[1]Dr. Match is not a party to this appeal.

Medical Center "which operated a clinic that performed abortions . . . in Fairfax, Virginia."

Responding to the 1993 motion for judgment, Gresinger, Codding, and the Medical Center (hereinafter collectively, the defendants), acting in concert, filed grounds of defense in which they admitted the allegations of the motion for judgment which identified them as parties, admitted that the Medical Center was a corporation that performed abortions at a clinic in Fairfax, and admitted that Gresinger and Codding were the sole stockholders and officers of the Medical Center. Additionally, the defendants admitted having required or approved of administrative procedures utilized by Match and other employees of the clinic. This pleading and subsequent pleadings and discovery filed by the defendants were signed by Barondess, as counsel.

Following extensive pre-trial proceedings, Lake took a voluntary nonsuit to the 1993 motion for judgment when her attorney became ill and otherwise unavailable. On June 17, 1994, Lake filed a new motion for judgment against the same parties, asserting the same facts asserted in the 1993 motion for judgment. The defendants filed a demurrer, which the trial court ultimately overruled after permitting Lake to again amend her motion for judgment. Thereafter, the defendants participated in discovery and other pre-trial proceedings, never expressly asserting that the Medical Center was not the clinic where Lake received her abortion.

In addition to these proceedings, in response to a motion to

compel discovery filed by Match, the trial court ordered, inter alia, that the discovery related to the 1993 motion for judgment would be incorporated into the new suit.  This discovery contained representations by the defendants that would raise the reasonable inference that the Medical Center owned and operated the clinic where Lake received her abortion and that its principals exercised administrative control over the clinic's policies and personnel.

On December 1, 1995, the defendants filed a motion to dismiss, asserting for the first time that Lake's abortion had been performed in the clinic owned and operated by Fairfax Square and which was not associated with the Medical Center, its employees, or its clinic.[2]  Gresinger and Codding also sought dismissal, asserting that their liability could only be predicated on a "piercing of the corporate veil" of Fairfax Square, which would make Fairfax Square an absent necessary party.

On December 8, 1995, three days before the trial was scheduled to commence, the trial court conducted a hearing on the motion to dismiss.  During argument, Barondess stated that Fairfax Square operated the clinic where Lake's abortion was performed by Match and that Gresinger was the medical director of

_____

[2]As was the case with most of the pleadings filed by the defendants, this motion to dismiss was styled in the name of Northern Virginia Women's Medical Clinic, rather than Northern Virginia Women's Medical Center, Inc., the accurate name of the entity against which the suit was brought, or NOVA Women's Medical Center, the accurate trade name of the owner of the clinic in question.

that clinic.  Barondess asserted, however, that he and the defendants had not misrepresented that the Medical Center operated this particular clinic because Lake's counsel "never asked the question as to the ownership of the clinic, as to what corporate entity operated that facility."  He further asserted that "there was no concealing [of Fairfax Square's identity], no effort to conceal whatsoever.  We just didn't raise this particular issue until this time."  Rather, the defendants characterized their posture as having admitted that the Medical Center operated an abortion clinic in Fairfax, which was "a completely accurate statement" since it had done so at one time.[3]

During the hearing, Lake made motions to amend her motion for judgment to include Fairfax Square and for a continuance, or in the alternative for a second nonsuit without prejudice.  The trial court denied the defendants' motion to dismiss and Lake's motion for a second nonsuit.  Although not expressly addressed in the trial court's summation during the hearing or its subsequent order, Lake's motions to amend the motion for judgment and to continue the trial were also effectively denied by the trial court's ruling that the case would proceed to trial as scheduled.  Lake then informed the court that she had dismissed her expert witnesses and would not proceed to trial as scheduled.  The

---

[3]These assertions reference, in part, the following allegation of the motion for judgment which was admitted by the defendants in their grounds of defense: "DR. MATCH, with the aid of employees of WOMEN'S MEDICAL CENTER, and with the tools and facilities of WOMEN'S MEDICAL CENTER, performed an abortion procedure on Ms. Lake at THE ABORTION CLINIC in Fairfax, Virginia, on April 13, 1991."

defendants, joined by Match, then sought entry of judgment in their favor, which the trial court granted.

Following entry of the final order, Lake obtained an order of suspension and filed motions to set aside the judgment and to permit amendment of the motion for judgment.  Lake also sought to have the trial court impose sanctions on Barondess and the defendants for alleged misrepresentations in the pleadings and discovery.

At the hearing on Lake's post-judgment motions, Barondess, responding to questions from the trial court, conceded that he was aware "[a]t the very beginning" that Lake had not named the proper corporate defendant in her original suit.  Barondess again asserted that the representation that the Medical Center operated an abortion clinic in Fairfax was true, since it did, at one time, operate an abortion clinic in Fairfax where Lake might previously have had an abortion.  Barondess further asserted that any admissions which appeared to assert the Medical Center's involvement with or control over the employees, facilities, and polices of the clinic operated by Fairfax Square were "inadvertent oversight[s]."

The trial court stated that it was troubled by the irregularities of the case, and that in "the best light . . . [Barondess was] flirting with the line between appropriate and inappropriate behavior."  Nonetheless, considering Lake's own failure to search the land records to discover the true corporate ownership of the clinic and her refusal to proceed to trial against the individual defendants, the trial court ruled that

sanctions were not appropriate, and entered an order denying Lake's motions.

We awarded Lake this appeal. Lake assigns numerous errors to the trial court's rulings in this case. However, the issue of the denial of the motion to amend the motion for judgment is dispositive in our resolution of the appeal.

It is axiomatic that a plaintiff has the duty to name the proper parties as defendants in the motion for judgment. As we said in <u>Baldwin v. Norton Hotel, Inc.</u> 163 Va. 76, 80, 175 S.E. 751, 752 (1934):

> It is necessary, in the orderly administration of justice, that the identification of parties to a cause be certain. Hence one of the rules of good pleading requires that the correct name of the parties litigant be used in the pleadings. . . . These matters are elemental, and a mere restatement of them discloses the necessity for definiteness and accuracy in naming the defendant.

In the present case, the plaintiff clearly failed to identify the proper corporate defendant, naming instead a corporation controlled by the same individuals and with a name similar to the trade name of the proper corporate defendant. Barondess admitted to the trial court that he and the defendants were aware of the plaintiff's error from "the very beginning."

While the defendants and their counsel had no affirmative duty to inform the plaintiff or the trial court of the plaintiff's error or to disclose voluntarily the identity of the proper corporate defendant, they were subject to the requirement that pleadings or other papers signed and submitted to the court must be "well grounded in fact . . . and . . . not interposed for

any improper purpose." Code § 8.01-271.1; see also Rule 1:4(a) and (d). Accordingly, when responding to the factual allegations of a pleading or discovery request, a party is not free to assign differing definitions to identical terms from one response to the next in order to confuse or obscure the true facts, and, thus to mislead the opposing party. The defendants and their counsel were therefore required to respond to the initial motion for judgment, participate in discovery, and otherwise conduct themselves before the trial court in a manner consistent with their knowledge that the Medical Center was not the proper corporate defendant.

The record of this case discloses that this was not done. Rather, beginning with the initial response to the 1992 motion for judgment and continuing up to filing of the motion to dismiss, every action of the defendants and their counsel was calculated to give the impression that the Medical Center was, and admitted to being, the owner of the clinic where Lake received her abortion. Certainly, there is no room for debate that the defendants' admission that Lake received an abortion in Fairfax on April 13, 1991, at the Medical Center was not "a completely accurate statement" as asserted by Barondess, because she could not have had more than one abortion on the same day and at two different clinics. See note 3, supra. Even granting that some other representations were potentially made through "mistake" and "inadvertent oversight," the resulting effect of misrepresenting the identity of the Medical Center as the proper corporate defendant understandably misled the plaintiff.

Thus, while the error in naming the incorrect corporate defendant was Lake's, the failure to discover this error in a timely manner was occasioned by acts of the defendants, either deliberate or careless, which would lead any reasonable plaintiff to infer that the Medical Center was a proper party to the suit.

Where an error has been made in a pleading with respect to the identification of parties, that fact alone will not defeat the action. Code § 8.01-5. Rather, the trial court may permit the error to be cured through an amendment of the pleading to substitute the proper party. Id. As with any amendment to a pleading, whether a substitution of a party should be permitted is a matter committed to the sound discretion of the trial court. Rule 1:8. Nonetheless, we have further recognized that, under Rule 1:8, amendment of pleadings should be liberally granted if doing so will further the ends of justice. Fox v. Deese, 234 Va. 412, 429, 362 S.E.2d 699, 709 (1987).

Amendment of a pleading to substitute a party is especially appropriate "'[w]here the substituted party bears some relation of interest to the original party and to the suit, and there is no change in the cause of action . . . .'" Jacobson v. Southern Biscuit Co., 198 Va. 813, 817, 97 S.E.2d 1, 4 (1957). "'[The] discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits.'" Id.

The facts of the present appeal are not dissimilar in their essential respects from those we considered in Jacobson. In that case, the plaintiffs filed suit on an account they held in the

name of "Southern Biscuit Company," nominating the defendant under this name and adding "Inc." Southern Biscuit Company, Inc., was a Virginia corporation which had dissolved some years before the debt in question accrued. The actual debtor was the Weston Biscuit Company, Inc., a Delaware corporation, which had assumed control of the assets of Southern Biscuit Company, Inc., and continued to operate under the trade name "Southern Biscuit Company" in Virginia.

After initially permitting the motion for judgment to be amended, the trial court reversed itself and dismissed the suit. We reversed, holding that dismissal was improper because "[t]he amendment . . . worked no change in the cause of action sued on, the party which it substituted bore a real relation of interest to the original party and to the suit, and nobody was misled or prejudiced by the mistake." Id. at 818, 97 S.E.2d at 4-5.

Here, as in Jacobson, the principals of the proper corporate defendant have been parties to the suit from the beginning, and substitution of the proper corporate defendant would not alter the nature of the cause of action. The rationale of Jacobson holds true here, especially in consideration of the acts of the defendants which misled Lake as to the identity of the corporate defendant. Accordingly, Lake should have been permitted to substitute Fairfax Square for the Medical Center so that the case might proceed, after a reasonable continuance, to a disposition on its merits. For these reasons, we hold that the trial court erred in not permitting Lake to amend her motion for judgment.

Lake also assigns error to the trial court's denial of her

motion to impose sanctions against Barondess and the defendants. In light of the reason for our holding that Lake is to be permitted to amend her motion for judgment, we will not rule on this issue now, but will remand to allow the trial court to reconsider its denial of sanctions against Barondess and the defendants.

Accordingly, the judgment of the trial court will be reversed, and the case remanded for further proceedings after the court permits Lake to amend her motion for judgment to name the proper party defendants.

<u>Reversed and remanded</u>.