# CIRCUIT COURT OF ROCKINGHAM COUNTY

Eddie Wayne Stover

v.

Tara Goodwin
and John Doe

January 13, 1998

Case No. (Law) 10934

BY JUDGE JOHN J. MCGRATH, JR.

This matter comes before the Court on the continually vexing issue of when it is proper to amend a pleading to correct the "misnomer" of a party under § 8.01-6 of the Code of Virginia. In order to fully understand the posture in which the case now comes before the Court, it is necessary to give a brief explanation of the rather convoluted procedural history of this case.

## Procedural History

On or about July 10, 1993, the Plaintiff, Eddie Wayne Stover, was involved in an automobile accident with an automobile occupied by Tara Goodwin and her brother, Jeffrey Goodwin. Plaintiff's initial Motion for Judgment was filed on July 7, 1995, which was approximately three days before the running of the two-year statute of limitations. Service of process was not effectuated upon the Defendant, Tara Goodwin, until approximately July 12, 1996. On or about July 22, 1996, Tara Goodwin, acting through counsel, filed a Grounds of Defense in which she denied, *inter alia*, "operating any vehicle at the time and place alleged." Throughout the Grounds of Defense, Tara Goodwin asserted on no less than three occasions that she was not operating any automobile or vehicle at the time or place alleged in the Motion for Judgment and that no act or omission of hers caused the Plaintiff any injury. Together with this Grounds of De-

fense, the Defendant, Tara Goodwin, also filed a Motion to Dismiss for failure to have effectuated service within one year from the commencement of the action under Rule 3:3 of the Rules of the Virginia Supreme Court.

On June 13, 1996, the Plaintiff's attorney filed an affidavit stating that the correct first name of the Defendant driver of the automobile involved in this accident was "Jeffrey." This affidavit was in support of Plaintiff's Motion to Amend to correct a misnomer which was filed on or about that same day. Following discovery, the Plaintiff had determined that the driver of the automobile was not Tara Goodwin, but instead was her brother, Jeffrey Goodwin, and that he sought to amend the misnomer in his Motion for Judgment to identify the Defendant as Jeffrey Goodwin in lieu of Tara Goodwin. Before any action was taken upon these pending motions, the Plaintiff moved for a nonsuit which was granted by Order of this Court dated September 26, 1996.

The Plaintiff's claim is that in initial correspondence from the insurance carrier, the carrier identified, in addition to the claim number and the date of loss, the "insured" as Jeff Goodwin and the "insured driver" as Tara Goodwin. This identification appeared in the "Re:" line of a letter sent to the Plaintiff's attorney by the insurance adjuster on March 15, 1994.

After taking the nonsuit on September 26, 1996, the Plaintiff was on the horns of a dilemma. Having taken a nonsuit against Tara Goodwin, it was his impression and correctly so that the only lawsuit that could be re-filed and would have the benefit of the statutory tolling period for non-suited cases would be a re-filed suit against the same defendant. Therefore, on March 25, 1997, the Plaintiff filed his second Motion for Judgment and continued to name as the Defendant, Tara Goodwin. Subsequent to the filing of the second Motion for Judgment, the Defendant filed a Grounds of Defense, a Motion for Summary Judgment, and a Request for Sanctions against the "Plaintiff and/or the Plaintiff's attorney" pursuant to Virginia Code § 8.01-271.1 of the Code of Virginia, on the grounds that the second Motion for Judgment filed on March 25, 1997, was filed at a time when the Plaintiff and the Plaintiff's lawyer were fully aware of the fact that the actual operator of the automobile was Jeffrey Goodwin and not Tara Goodwin.

This is the procedural posture in which the Court is now faced with the questions of whether:

(1) Amendment should be permitted pursuant to § 8.01-6 of the Code of Virginia (the misnomer provision); and

(2) If amendment is not permitted, sanctions should be levied against the Plaintiff or the Plaintiff's attorney for knowingly suing the wrong defendant.

## Legal Discussion

There has been recent judicial elaboration on the issue of when a party may take advantage of amendment pursuant to § 8.01-6 of the Code of Virginia to correct the "name" of a party versus the actual party under the misnomer statute. *See, e.g., Lake v. Northern Va. Women's Medical Ctr., Inc.*, 253 Va. 255 (1997); *Swann v. Marks*, 252 Va. 181 (1996); *Dellospidale v. Hargett* (Chamblin, J.) (Cir. Ct. of Loudoun County, Nov. 25, 1997) *Payne v. Smith, Kline, Beecham Clinical Laboratories, Inc.*, 26 Va. Cir. 340 (1992).

The decisional law that has evolved in this regard contains the straightforward proposition that the Misnomer Statute is not to be used for the purposes of changing the person or entity against whom the suit is brought but merely to rename or correctly name the entity against whom the suit was originally brought. As stated by the Supreme Court in *Swann v. Marks*, 252 Va. 181 (1996):

> A motion for judgment against an "estate" is a nullity and cannot toll the statute of limitations. Furthermore, the substitution of a personal representative for the "estate" is not the correction of a misnomer. *Misnomer arises when the right person is incorrectly named, not where the wrong defendant is named. Rockwell v. Allman*, 211 Va. 560 (1971) (Emphasis added).

*Id.* at 184.

In this case, a passenger in the car and not the driver was named as the defendant. There is no question that the plaintiff intended to name Tara Goodwin and not her brother. Plaintiff, however, argues that there was deception on the part of the insurance company which caused him to name the wrong defendant. Although obfuscation, lack of candor, or deception on the part of one's opponent may warrant a certain "relaxation" of the strict rules of misnomer (*e.g., Lake v. Northern Va. Women's Medical Ctr., Inc.*, 253 Va. 255 (1997)), the plaintiff cannot rely on such a doctrine in

this case. First, the insurance company claims adjuster seems to have used the incorrect designation in one letter. Moreover, it appears from the discovery that was filed with the Court that a State Police Accident Report dated July 12, 1993, correctly identified the driver as Jeffrey S. Goodwin.

Under these facts, the Plaintiff's Motion to Amend the Motion for Judgment under § 8.01-6 of the Code of Virginia is denied, and the Defendant, Tara Goodwin's Motion for Summary Judgment is hereby granted.

Although intentionally suing the wrong party would normally warrant the granting of sanctions, in this case, counsel for Plaintiff was on the horns of a very sharp dilemma and acted properly in attempting to protect his client's interest by taking advantage of the tolling provisions of the nonsuit statute. Therefore, no sanctions will be imposed.

Counsel for the parties shall have ten days from the date of this Order to file written objections.

The Clerk of this Court is directed to mail promptly a copy of this Order to Darren Bostic, Esq., counsel for Plaintiff; to M. Lanier Woodrum, Esq., counsel for Defendant, Tara Goodwin; and to John P. Cattano, Esq., counsel for Defendant, John Doe.