## CIRCUIT COURT OF FAIRFAX COUNTY

Dennis Taylor

v.

Vance International, Inc., et al.

April 6, 1999

Case No. (Law) 176346

BY JUDGE DENNIS J. SMITH

Defendant Vance Uniformed Protection Services, Inc.'s Plea in Bar was argued on Friday, March 12, 1999. The Court did not decide the Plea in Bar at that time but instead took the matter under advisement.

### I. *Factual Background*

On December 26, 1994, David Pound allegedly drove a car into Dennis Taylor, causing Taylor to sustain various injuries. Defendant Vance International, Inc. (International) owned the car involved in the accident. The parties agree in this suit that Pound was employed by Vance Uniformed Protection Services, Inc. (VUPS), a subsidiary of International. However, in an earlier action, (Law # 157756), Plaintiff Taylor filed a Motion for Judgment against Defendants International and Pound alleging that "[u]pon information and belief, Pound worked as a security guard for [International]." The first suit was filed December 23, 1996, and on December 31, 1996, the suit was served on Brent Wegner, Secretary of International. International thereafter filed a Motion to Quash and Dismiss denying that defendant Pound was the agent, servant, or employee of International at the time of the accident and also filed a Reply to Plaintiff's Response, which stated that defendant Pound was an

employee of Vance Uniformed Protection Services, Inc., a subsidiary of International. On May 26, 1998, Plaintiff took a nonsuit with respect to both International and Pound without having amended the Motion for Judgment or changing the parties to the suit.

On November 24, 1998, Plaintiff filed the Motion for Judgment in the instant case, naming International, VUPS, and Pound as Defendants. In the Motion for Judgment, Plaintiff alleges that Pound was driving a car owned by International, was employed by VUPS, and acted in the course and scope of his employment at the time he ran into Plaintiff. VUPS filed a Plea in Bar asserting the Statute of Limitations, which was argued before the Court on March 12, 1999.

## II. *Analysis*

Any "action for personal injuries, whatever the theory of recovery ... shall be brought within two years after the cause of action accrues." Virginia Code § 8.01-243. The plaintiff's cause of action accrued on December 26, 1994; therefore, any action against VUPS filed after December 26, 1996, would seem to be barred. This suit was instituted November 24, 1998, clearly beyond the two-year limitation period. Plaintiff argues, however, that the cause of action is not barred because this suit is a refiling of a nonsuited action which was commenced December 23, 1996, within the two-year period.

The voluntary nonsuit statute, § 8.01-380 of the Virginia Code, provides that the plaintiff has an absolute right to at least one dismissal without prejudice. The Statute of Limitations is tolled during the pendency of the suit, and thereafter, the plaintiff may refile the suit within six months of the nonsuit or the expiration of the original Statute of Limitations, whichever is longer. The extension of the limitation period only exists, however, for the previously asserted cause of action against the defendant(s) named in the first suit. The plaintiff's nonsuit cannot extend the Statute of Limitations with regard to defendants not named in the first suit.

Plaintiff asserts that the Plea in Bar filed by VUPS should be analyzed as a Motion to Amend a Misnomer or to Substitute a Party and that the Amendment or Substitution would relate back to the filing of the first suit pursuant to Virginia Code § 8.01-6, which provides as follows:

> A misnomer in any pleading may ... be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, *relates back* to

the date of the original pleading *if* (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading *and* (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

(Emphasis added).

Plaintiff's arguments fail for many reasons. First, there is no Amendment in this suit as the Defendant VUPS is a defendant named at the institution of this suit. At the time of the naming of VUPS as a party (which was the time of filing of the instant suit), there was no active pleading to amend. The nonsuited case only continued to exist for purposes of calculation of the Statute of Limitations as to parties to that previous suit. (This is why, for example, it is necessary to enter orders incorporating discovery from the nonsuited case into the new action.)

Second, even if this were an "amendment," in order for it to relate back pursuant to Virginia Code § 8.01-6, the amendment must meet *both* requirements (i) and (ii) of that statute. Subsection (i) is clearly satisfied as the "claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading." VUPS, however, was not given notice of the institution of the suit against it "within the limitations period prescribed for commencing the action" against it as required by § 8.01-6(ii). Plaintiff argues that since International owned 100% of VUPS, notice to International equates notice to VUPS. First, notice of the institution of the action was not given to International until December 31, 1996, five days beyond the "limitations period prescribed for commencing the action against" VUPS; therefore, the notice to International does not comply with the § 8.01-6 of the Virginia Code. Second, while VUPS is a subsidiary of the parent corporation International, they each retain their status as separate corporate entities. This legal relationship between VUPS and International alone does not impute knowledge of the parent corporation to its subsidiary. *Thompson v. Air Power, Inc.*, 248 Va. 364, 371 (1994). A sufficient nexus between the corporations must exist to provide an equitable reason to disregard VUPS' status as an independent corporate entity. While International and VUPS may have directors and officers in common, insufficient evidence was presented to

permit the Court to cast aside the corporate structures. In fact, not only do International and VUPS have separate corporate existences, they also maintain different registered agents, further indicating that the corporations operated independently of each other. The mere showing that VUPS is a wholly-owned subsidiary of International and that they share common officers is not sufficient justification to disregard their separate corporate structure and impute knowledge of the litigation to VUPS. *Richfood, Inc. v. Jennings*, 255 Va. 588, 593 (1998). Accordingly, International's knowledge of the institution of the suit in the earlier case does not serve to give VUPS notice under the statute.

Plaintiff argues further that if the Court analyzes this Motion as a Motion for Leave to Amend, then under the precepts of *Lake v. No. Va. Women's Medical Ctr.*, 253 Va. 255 (1997), leave to amend should be liberally granted and the Defendant's Plea in Bar should be overruled. The *Lake* case involved a procedurally similar case in that the trial court was requested to allow an amendment substituting the proper party in a suit which was refiled after a nonsuit. In *Lake*, however, the opinion of the Virginia Supreme Court does not address any Statute of Limitation issue. Additionally, although there is no direct statement in the recited facts of *Lake* as to when the corporation to be substituted received notice of the institution of the action, the alleged malpractice occurred in April 1991, the suit was filed in November 1992, and the named corporate defendant filed responsive pleadings to an Amended Motion for Judgment which was filed February 11, 1993, implying that they knew of the suit within the applicable limitation period. As previously noted, in this case, neither the corporate defendant named in the first suit nor the corporation to be substituted in the second case received notice of the institution of the action until December 31, 1996, after the expiration of the statutory period of limitation.

Finally, and most importantly with regard to the application of *Lake* to the facts of this case, the instant suit is not a case of misnomer. Misnomer arises when the right person is incorrectly named, not where the wrong defendant is named. *Swann v. Marks*, 252 Va. 181, 184 (1996). An amendment correcting a misnomer does not "change the party" but rather properly identifies the correct party (see, e.g., *Claiborne v. Bernanu*, 44 Va. Cir. 186, 189 (1997)), and a pleading naming the wrong party cannot be corrected under the guise of misnomer. See, *Rockwell v. Allman*, 211 Va. 560, 561 (1971). *Lake* stands for the proposition that naming the wrong party can also be treated as a "misnomer" where the wrong party is named as a defendant but the unnamed, correct defendant induced the error in name through some action or inaction.

In *Lake*, the plaintiff failed to name the proper defendant, instead naming a corporation controlled by the same individuals and with a name similar to the proper defendant. The Court found that during the pleading and discovery phase of the case, the named defendants had misled the plaintiff into a belief that they were the proper defendant, thereby frustrating the plaintiff's ability to discover its error in a timely manner. The Court accordingly found that the principals of the proper corporate defendant had been defendants from the beginning, and as a case of misnomer, the correction of the parties named related back to the filing date. In the present case, no evidence was presented to establish any misrepresentation by VUPS or the driver/defendant Taylor. On the contrary, once notified of the suit, International gave Plaintiff ample notice that VUPS employed Pound and therefore was the proper defendant. In the absence of any showing that VUPS (the unnamed defendant) contributed to plaintiff's erroneous designation of defendants in the first suit, there is no basis for classifying plaintiff's error in the first suit as a misnomer. As the correct party was never joined in the first suit from its inception, the proposed "amendment" would change the parties and would only relate back if it satisfied the two prongs of § 8.01-6 of the Virginia Code.

For the foregoing reasons, Defendant Vance Uniformed Protective Services, Inc.'s Plea in Bar is granted.