Shan SPARSHOTT, et al., Plaintiffs,

v.

**FELD ENTERTAINMENT, INC.,**
et al., Defendants.

**No. CIV. A. 99–0551(JR).**

United States District Court,
District of Columbia.

Feb. 1, 2000.

Richard J. Leon, James M. Burns, Vorys, Sater, Seymour & Pease LLP, Washington, DC, Robert C. Bonsib, Bruce L. Marcus, Marcus & Bonsib, Greenbelt, MD, for Plaintiffs.

Joseph T. Small Jr., John M. Simpson, John C. Letteri, Fulbright & Jaworski LLP, Washington, DC, for Defendant.

## MEMORANDUM

ROBERTSON, District Judge.

Plaintiffs Shan and Morgan Sparshott assert federal and common law privacy violations stemming from defendants' alleged wiretapping and video surveillance of their activities at home and at work, by and through the actions of a former senior officer and director of Feld Entertainment, Inc. Before the Court is defendants' motion to dismiss all claims against Feld's wholly-owned subsidiary Sells–Floto, to dismiss the claims of conspiracy and intentional infliction of emotional distress against Feld and to transfer the remainder of the case to the Eastern District of Virginia. For the reasons set forth below, the motion to dismiss Sells–Floto will be granted. The motion for partial dismissal and transfer as to Feld will be denied.

### Background

Shan Sparshott has worked as a travel administrator at Feld's headquarters in Vienna, Virginia, since August 17, 1992. Feld Entertainment, Inc. is a privately owned company that has rights to certain exhibitions, shows and other public entertainment, including Ringling Brothers Barnum & Bailey Circus, Walt Disney's World on Ice and Siegfried & Roy. The other named defendant, Sells–Floto, is a wholly-owned subsidiary of Feld. It manufactures and distributes circus supplies and related paraphernalia. At all times relevant to this lawsuit, Charles F. Smith was a director, officer and stockholder of Feld and the senior vice president of Sells–Floto.

Plaintiffs allege that defendants, through the actions of Mr. Smith and other unnamed employees, caused the surreptitious placement of video cameras in the ceiling above Shan Sparshott's work space and the installation of electronic monitoring devices to record her telephone conversations.

Plaintiffs also allege privacy violations at their home. Shan and Morgan Sharshott were the sole occupants of a home located in McLean, Virginia. Mr. Smith owned the home. Plaintiffs allege that Mr. Smith and unnamed others caused the installation of electronic monitoring devices designed to permit electronic eavesdropping and recording of their telephone conversations, and that Mr. Smith even arranged for video recording of plaintiffs' private and intimate affairs.

On or about March 7, 1997, Shan Sparshott discovered that an electronic wiretapping device had been placed on her work telephone. She also discovered the existence of numerous videotapes of both plaintiffs engaged in various private and intimate activities in their home, and of Shan Sparshott at her office.

Plaintiffs filed their original complaint, only against Feld, on March 3, 1999. Feld moved to dismiss, plaintiffs opposed, and Feld replied. Plaintiffs then filed an amended superseding complaint on June 2, 1999, recasting some of their claims to avoid dismissal, and adding Sells–Floto, Inc. as an additional defendant. The amended complaint sets forth eleven causes of action. Those relevant to this motion may be grouped as follows:

### Analysis

#### A. Claims Against Sells–Floto

The claims against Sells–Floto were added by an amended complaint filed June 2, 1999. It is undisputed that, unless the amendment relates back to the date of plaintiffs' original complaint, those claims are barred by the applicable two-year statute of limitations. Fed.R.Civ.P. 15(c) provides, in relevant part:

An amendment of a pleading relates back to the date of the original pleading when:

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

\* \* \* \* \* \*

(3) ... the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

■ Subsection (c)(3) does not preserve plaintiffs' claims against Sells–Floto, because, in this Circuit, the word "mistake" is narrowly interpreted to preclude relation back of amendments where a plaintiff was fully aware of the defendant's identity during the limitations period. *See Rendall–Speranza v. Nassim*, 107 F.3d 913, 918 (D.C.Cir.1997) ("Nothing in [Rule 15] or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility of the harm alleged"). Plaintiffs have not asserted or shown that the dismissal of Sells–Floto will have "harsh consequences" for their case, *see id.* They merely suggest that they had "uncertainty" about the "precise nature" of the corporate affiliation between Feld and Sells–Floto and Mr. Smith's involvement with the companies during the limitations period, *see* Pls' Opp'n at 15–16 & n. 11. Such uncertainty is not a "mistake of identity" under *Rendall–Speranza*.

■ Plaintiffs' attempt to invoke subsection (c)(1) to preserve their claims under Virginia's rule governing relation back of amendments is also unsuccessful, because relation back would not be permitted under Virginia law. Plaintiffs assert that the Virginia law of relation back is more "liberal" than federal law. But the Virginia Supreme Court cases upon which they rely for that proposition are inapposite. *Lake v. Northern Virginia Women's Med. Ctr.*, 253 Va. 255, 483 S.E.2d 220 (1997), and *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 97 S.E.2d 1 (1957), both involved *substituting* a defendant in classic misnomer situations, as opposed to *adding* a defendant whose proper identity was known to the plaintiff during the limitations period. Further, there is no indication in this record that plaintiffs' failure to name Sells–Floto "was occasioned by the acts of the defendants," *Lake*, 483 S.E.2d at 221, or that plaintiffs simply erred in naming the correct defendant, *see Jacobson*, 97 S.E.2d at 4.

## B. *Intentional Infliction of Emotional Distress*

■ Defendants' attempt to bring themselves under the rule of *Russo v. White*, 241 Va. 23, 400 S.E.2d 160 (1991), is unavailing. In that case, the Virginia Supreme Court dismissed an IIED claim that merely alleged that plaintiff was "nervous, could not sleep, experienced stress and its physical symptoms, withdrew from activities, and was unable to concentrate at work." *Id.* at 162 (internal quotations omitted). The court noted in that case that "[t]here is no claim, for example, that [the plaintiff] had any objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." *Id.* In this case, by contrast, plaintiffs have alleged that they "sustained injuries and damages" including "emotional damages, medical expenses, costs, fees, etc." Am. Compl. ¶¶ 17, 30, 122. Those allegations are sufficient to survive a motion to dismiss under Virginia law at this preliminary stage of the proceedings.

## C. *Conspiracy*

■ Defendants argue that plaintiffs' conspiracy claim should be dismissed because neither the federal nor Virginia wiretap statute creates a private cause of action and because, in any event, Virginia civil conspiracy law requires a combination of two persons—something that plaintiffs cannot demonstrate here in view of their allegations that Mr. Smith was the agent of the defendants.

Defendants are correct that neither statute on its face creates a private cause of

action. Virginia common law recognizes a claim for civil conspiracy, however, based upon allegations of "a combination of two or more persons ... to accomplish ... some unlawful purpose." *Hechler Chevrolet, Inc. v. General Motors,* 230 Va. 396, 337 S.E.2d 744, 748 (1985).

 For conspiracy purposes, "a combination of two or more persons," must comprise separate and independent actors. *See Perk v. Vector Resources Group, Inc.,* 253 Va. 310, 485 S.E.2d 140, 144 (1997). Defendants assert that plaintiffs have made allegations of agency that defeat their conspiracy claim, because agents are not separate and independent actors. This argument is premature. Plaintiffs may ultimately be forced to elect between their conspiracy and agency theories, but they need not do so yet.

### D. Transfer to the Eastern District of Virginia

Defendants urge that this case be transferred to the Eastern District of Virginia, where a pending bankruptcy proceeding involves many of the same issues and parties. A plaintiff's choice of forum is entitled to significant weight and should not be disturbed absent a compelling showing, however, *see National Bank of Washington v. Mallery,* 669 F.Supp. 22, 29 (D.D.C.1987), and the mere existence of a related case in another forum is insufficient grounds for transfer, *see International Bhd. of Painters v. Best Painting,* 621 F.Supp. 906, 907 (D.D.C.1985).

Both sides have presented detailed arguments for and against the proposed transfer. I have concluded that the factors bearing on the "convenience of the parties" and the "interests of justice," *see* 28 U.S.C. §§ 1404, 1412, are in equipoise. The deference owed to the plaintiffs' choice of forum tips the scale against the transfer motion, *see Adams v. Bell,* 711 F.2d 161, 194 n. 115 (D.C.Cir.1983) (en banc) ("To begin with, it is plaintiffs' privilege to choose the forum and their prefer-

ence must be given substantial weight in the transfer analysis") (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper § 3848).

An appropriate order accompanies this memorandum.

### ORDER

For the reasons set forth in the accompanying memorandum, it is this 1st day of February 2000,

**ORDERED** that defendants' motion to dismiss [# 14] all claims against defendant Sells–Floto is **granted.** Sells–Floto is dismissed as a defendant. It is

**FURTHER ORDERED** that defendants' motion to dismiss counts V, VII and X of the amended complaint is **denied.** And it is

**FURTHER ORDERED** that defendants' motion to transfer this case to the Eastern District of Virginia is **denied.**