64

## CIRCUIT COURT OF THE CITY OF SALEM

Joseph S. Farmer,
d/b/a Express Personnel Services

v.

East Coast Metal, L.L.C.

August 15, 2006

Case No. CL06-151

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant filed a Motion to Quash Service alleging that Plaintiff sued the wrong corporate Defendant. Plaintiff filed a Motion to Correct a Misnomer, alleging that he served process on the right corporate registered agent, but simply got the name of the right corporation wrong. The parties stipulate that the records of the State Corporation Commission contain eight similarly named corporations, some active and some inactive. Plaintiff intended to sue East Coast Metal Distributors, L.L.C., an active corporation, but mistakenly filed his complaint against East Coast Metal, L.L.C., which is not listed with the State Corporation Commission. There is an entity called East Coast Metals, L.L.C., that is an active corporation, but not the entity that Plaintiff intended to sue. In some of the other motions filed by the parties and in their oral arguments, the names of the various corporations became confused. A statute of limitations problem does not exist.

The case of *Lake v. Northern Va. Women's Medical Clinic*, 253 Va. 255 (1997), stands for the proposition that if you sue the right corporate entity but merely misstate its name you can, with court approval, correct the misnomer and continue with your case, but if you sue the wrong corporate entity your case has to be dismissed. Here Plaintiff sued East Coast Metals, L.L.C., but misspelled its name. He did not sue East Coast Metal Distributors, L.L.C., the actual entity he intended to sue. These two corporations are not connected in any manner. They do not have the same registered agents,

directors, or stockholders. Plaintiff sued the wrong entity, and his case will be dismissed, without prejudice. The remaining motions are rendered moot by this decision.